606 So.2d 1227 (1992)
Jessie P. DUNCAN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2377.
District Court of Appeal of Florida, Fourth District.
October 14, 1992.
Rehearing Denied December 1, 1992.
*1228 Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dawn S. Wynn, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant seeks review of a final judgment of conviction of attempted burglary of a dwelling and sentence of six months' community control, followed by eighteen months' probation.
Although appellant presents five points on appeal, only one warrants comment. The second point presented poses the question of whether the trial court erred in not instructing the jury on the underlying offense of the attempted burglary. We answer the question in the negative.
The crime of burglary is defined as:
[E]ntering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
§ 810.02(1), Florida Statutes (1989). A subsequent section, 810.07(1), provides that:
In a trial on the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof shall be prima facie evidence of entering with intent to commit an offense.
The law is clear that in order to properly charge burglary the charging document must allege that the entry was made with the intention of committing an offense therein. State v. Waters, 436 So.2d 66 (Fla. 1983). It is not necessary to allege the specific crime intended. Id. Whether a specific crime is charged or not, the specific crime intended need not be proven. Graham v. State, 472 So.2d 464 (Fla. 1985). Furthermore, in a prosecution for burglary the state may rely on section 810.07 as prima facie evidence of intent to commit an offense whether the offense has been specified or not. The Graham court pointed out, however, that, in a prosecution for attempted burglary, the state is precluded from reliance on said statute. That pronouncement is no longer effective since the legislature amended section 810.07 by adding subsection two in 1987, which provides that:
In a trial on the charge of attempted burglary, proof of the attempt to enter such structure or conveyance at any time stealthily and without the consent of the owner or occupant thereof is prima facie evidence of attempting to enter with intent to commit an offense.
The foregoing demonstrates that, in a prosecution for burglary or attempted burglary, the specification of the specific offense intended is no longer required in the charging document and that the proof of intent may be facilitated by resort to section 810.07, Florida Statutes (1989). Under these circumstances, we deem it unnecessary for the trial court to instruct the jury on the elements of the underlying offense as provided by the burglary instruction in the Florida Standard Jury Instructions in *1229 Criminal Cases (1989 Ed.). In many instances, the state does not know the exact offense intended by the defendant. In that case, absent section 810.07, the state could not take the case to a jury in the face of the Standard Jury Instruction.
We therefore conclude that appellant's second point on appeal does not present reversible error, thus mandating an affirmance in this case.
WARNER and FARMER, JJ., concur.