699 So.2d 822 (1997)
John VIVEROS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 96-0861, 96-1294.
District Court of Appeal of Florida, Fourth District.
October 1, 1997.
*823 Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia Ann Ash, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
In appellate case number 96-1294, we reverse appellant's conviction for armed burglary with a firearm and remand for new trial. We affirm his conviction for aggravated assault with a firearm. In appellate case number 96-0861, we reverse appellant's conviction on count V in case number 92-24200, thereby mooting the subsequent revocation of probation and resulting prison sentence on this count. As to the other probation revocations, we affirm.
Ms. Cheryl Rawlins Almandoz ("Ms. Rawlins") rented out the clubhouse at her apartment complex for a back-to-school party she *824 was hosting for her son and his friends. The party got out of hand when approximately 150 kids showed up. Some, including appellant, were hanging out in the parking lot and did not enter the clubhouse. Ultimately, the police were called to help break up the party. While some remained behind to pack up, appellant and some others entered the clubhouse and got into a fight with one of the invitees. The fight was broken up and Ms. Rawlins chased the intruders out. A short while later, appellant kicked in the locked door of the clubhouse and entered. He began firing a gun and one of the invitees was hit.
Appellant was tried on two counts of attempted second degree murder with a firearm, armed burglary with a firearm, shooting into an occupied building, and carrying a concealed firearm. Appellant was convicted of the lesser offense of aggravated assault with a firearm, armed burglary with a firearm, and shooting into an occupied building. He was acquitted on the second attempted murder charge and on the carrying a concealed firearm charge. Appellant was sentenced to concurrent violent habitual offender sentences. Based on these crimes, appellant's prior probation was revoked. Appellant raises several points on appeal. We do not find the evidentiary arguments to be persuasive, but discuss the other points below.

I.
Appellant's conviction for armed burglary with a firearm cannot stand because of fundamental error occurring during instructions to the jury. Appellant was charged by information with entering or remaining in a structure with intent to commit an offense therein. On this count, the jury was instructed as follows:
Our first item wasthat had to be proved, is that Mr. Viveros entered into a structure owned by or in the possession of Miss Rawlins; that he did not have the permission or consent of Miss Rawlins, or anyone authorized to act for her, to remain or enter into that structure at the time; and three, that at the time of entering or remaining in the structure he had a fully-formed, conscious intent to commit the offense of burglary in that conveyance.
A person may be guilty of this offense if he originally entered the premises at the time when they were opened to the public, but remained there after he knew that the premises were closed to the public, and if he had the intent to commit the crime that is described in the charge.
Proof of the entering of a structure stealthily and without the consent of the owner or occupant may justify a finding that the entering was with the intent to commit a crime, if from all of the surrounding facts and circumstances, you are convinced beyond a reasonable doubt that the intent existed.
The entry necessary need not be the whole body of the Defendant. It is sufficient if the Defendant extends any part of the body far enough into the structure to commit burglary.

The intent with which an act is done is an operation of the mind and is not always capable of direct and positive proof. It may be established by circumstantial evidence just like any other facts.
Even though an unlawful entering or remaining in a structure is proved, if the evidence does not establish that it was done with the intent to commit burglary, the Defendant may not be found guilty.
(Emphasis added).
"Burglary" means entering or remaining in a structure or conveyance with the intent to commit "an offense" therein. § 810.02, Fla. Stat. (1993). An essential element of burglary is an intent to commit "an offense". State v. Waters, 436 So.2d 66, 68 (Fla.1983). As appellant argues, it is circular to define "burglary" by indicating the need to show an intent to commit "burglary" within the structure or conveyance, rather than an intent to commit an underlying "offense" within the structure or conveyance.
The state maintains that the court's instruction was not improper because it is not necessary to specifically charge or prove what particular offense was intended to be committed within the structure or conveyance. See Duncan v. State, 606 So.2d 1227 *825 (Fla. 4th DCA 1992). Likewise, it is not necessary to instruct the jury on the elements of the specific offense upon which the burglary charge is based, i.e., the specific offense which the defendant intended to commit within the structure or conveyance. Id.
However, this is not the same as saying that it is not necessary to establish that there was an intent to commit some underlying offensedistinct from "burglary"inside the structure or conveyance, or to instruct the jury in this regard. It is clear that the instruction given in this case was circular and did not properly define burglary. Thus, we must now consider whether such error requires reversal absent objection to the instruction.
Appellant argues that the instruction as given did no more than define trespass. Based on this reasoning, appellant relies upon cases which say that fundamental error is occasioned where the jury is instructed on a crime that is different from the crime with which the defendant was charged and convicted. See, e.g., Adams v. State, 681 So.2d 917 (Fla. 4th DCA 1996) (conviction was on charge of resisting arrest with violence, but jury was instructed on resisting arrest without violence). Although the problem in the instant case was not that the judge read the trespass instruction rather than the burglary instruction, the effect was substantially the same.[1] Thus, we agree with appellant that the error here also is fundamental.
Moreover, a finding of fundamental error is validly premised on the theory that fundamental error is occasioned by an incomplete and inaccurate instruction on an element of a criminal offense. See, e.g., Jones v. State, 666 So.2d 995 (Fla. 5th DCA 1996); Jones v. State, 656 So.2d 489 (Fla. 4th DCA 1995), abrogated on other grounds by State v. Wilson, 686 So.2d 569 (Fla.1996).
Accordingly, reversal of the armed burglary conviction is warranted despite the lack of an objection.

II.
Count I of the information charged appellant with attempted second degree murder with a firearm. Pursuant to agreement of the parties, the trial court instructed the jury on aggravated assault with a firearm as a lesser included offense. The jury returned a guilty verdict on the lesser included offense of aggravated assault with a firearm.
An assault is defined as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." § 784.011, Fla. Stat. (1993). Thus, an essential element of any assault is the victim's well-founded fear of imminent violence. See State v. Von Deck, 607 So.2d 1388 (Fla. 1992). Although a shooting is likely to create such fear, it is possible to commit attempted murder without committing an assault, such as where the victim is not aware of the imminent shooting. See id. Accordingly, assault is a permissive lesser included offense of attempted murder and the state "is obligated to allege a `putting in fear' [in the information] whenever it seeks an instruction on the permissive lesser included offense of aggravated assault." Id. at 1389. Generally, reversal of a conviction is warranted where the information fails to allege an essential element of a crime. See, e.g., Velasquez v. State, 654 So.2d 1227 (Fla. 2d DCA 1995) (applying this general rule to convictions on lesser included offenses of aggravated assault where the information alleged only the elements of murder and not a well-founded fear).
Nonetheless, Ray v. State, 403 So.2d 956, 961 (Fla.1981), supports the conclusion that although it is error to convict on a permissive lesser included offense that was not properly pled in the information, such error is waived if the defense requested that the jury be instructed on such lesser included *826 offense or the defense relied upon such charge as evidenced by argument to the jury or other affirmative action. Thus, under Ray appellant waived the error of instructing the jury on aggravated assault because defense counsel affirmatively agreed to the instructions that were given on the lesser included offenses. Therefore, a reversal of the aggravated assault conviction is not warranted on the basis that the information failed to allege the "putting in fear" element.
However, an additional consideration is whether the instruction and resulting conviction of aggravated assault were improper because there was no evidence to support the "putting in fear" element. See Von Deck, 607 So.2d at 1389 ("an instruction cannot be given on a permissible lesser included offense unless both the accusatory pleading and the evidence support the commission of that offense."). As appellant points out, the shooting victim, Damion Kerlew, did not testify. Thus, the record does not establish whether or not Kerlew saw the shooter enter the building, pull his gun and shoot. Because there was no such evidence that Kerlew even was aware of or comprehended the events preceding the shooting, as well as no direct evidence of Kerlew being put in fear, there was insufficient evidence to establish the assault element that Kerlew was put in fear of the imminent violence. Compare Pray v. State, 571 So.2d 554 (Fla. 4th DCA 1990) (insufficient proof of assault where there was no evidence of the perceptions and feelings of the five month old victim), with McClain v. State, 383 So.2d 1146 (Fla. 4th DCA 1980) (even absent testimony of victim regarding state of mind, inference of fear was reasonable where grocery store employees were pursuing defendant, who had taken meat from their store, when he turned around and waved a knife at them).
The only possible inferential evidence was Clarence Chin's testimony that as he witnessed the shooting, Kerlew was standing next to him. This would require the inference that Kerlew witnessed the same thing as Chin, and was put in fear by it. However, the supreme court recently reiterated, "Florida law is well settled that the elements of an offense cannot be established by mere inference." Von Deck, 607 So.2d at 1389 (citation omitted). Thus, the fact that Chin was standing next to Kerlew when Chin witnessed the shooting cannot be considered prima facie evidence that Kerlew was put in fear of the imminent violence.
In State v. Espinosa, 686 So.2d 1345 (Fla.1996), the supreme court specifically addressed the question of "whether a defendant can request and rely on an instruction on a permissive lesser-included offense and then complain that a subsequent conviction for the lesser-included offense is improper because there is insufficient evidence to convict a defendant for that offense." The court reasoned and concluded as follows:
[F]or policy reasons similar to those underlying the rationale in Ray, we do not believe that a defendant who requests an instruction on a lesser-included offense should be allowed to complain on a sufficiency of the evidence claim on the lesser-included offense when sufficient evidence exists to convict the defendant for the greater offense. To hold otherwise would allow a defendant to request an instruction on the lesser-included offense in anticipation that the jury will exercise its "pardon power," after which the defendant could seek reversal based on the sufficiency of the evidence. Amado [v. State, 585 So.2d 282 (Fla.1991)] ("pardon power" allows jury to find defendant guilty of lesser-included offense even when evidence is sufficient to convict for greater offense). Such a holding would allow a defendant to essentially "sandbag" the State while committing a fraud on both the jury and the judge. Consequently, we find that a defendant who requests an instruction on a lesser-included offense or affirmatively relies thereon may contest the sufficiency of the evidence on a lesser-included offense only when the evidence is insufficient to convict the defendant on the greater charge as well. We do not believe that such a holding unconstitutionally relieves the State of its burden to convict a defendant of each and every element of the offense. To the contrary, we find that the act of requesting the instruction on the lesser-included offense or affirmatively relying *827 on the instruction waives this right in exchange for the possibility of allowing the jury to exercise its pardon power.
Espinosa, 686 So.2d at 1348-49 (citation omitted).
Because it is clear from the record in the immediate case that there was sufficient evidence to support a conviction on the greater offense of attempted second degree murder of Damion Kerlew with a firearm, we affirm appellant's aggravated assault with a firearm conviction based on the reasoning set forth in Espinosa.

III.
As appellant points out, although appellant was placed on seven years probation for dealing in stolen property in case number 92-24200 (count V), he was not charged with that offense in case number 92-24200 (although he was charged with such offense in the other cases). Thus, the state agrees with appellant that this court should vacate the seven year probation sentence imposed in case number 92-24200 on count V. We reverse appellant's conviction on count V in case number 92-24200, thereby mooting the subsequent revocation of probation and resulting prison sentence on this count.
We affirm the revocation of appellant's probation in the remaining cases.
GLICKSTEIN, KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] The trespass statutes provides: "Whoever, without being authorized, licensed, or invited, willfully enters or remains in any structure or conveyance, or, having been authorized licensed, or invited, is warned by the owner or lessee of the premises, or by a person authorized by the owner or lessee, to depart and refuses to do so, commits the offense of trespass in a structure or conveyance." § 810.08(1), Fla. Stat. (1993).