735 So.2d 522 (1999)
Michael PUSKAC, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4519.
District Court of Appeal of Florida, Fourth District.
May 12, 1999.
Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
DELL, J.
Michael A. Puskac appeals his conviction and sentence for burglary of a dwelling (Count I) and grand theft (Count II). Appellant argues five points on appeal, four of which we affirm without discussion. However, we reverse appellant's burglary conviction because of an improper jury instruction.
On November 7, 1996, appellant was charged by information with burglary of dwelling and grand theft. After two mistrials, on October 29, 1997, the jury rendered *523 a verdict finding the appellant guilty as charged. The court sentenced him as a habitual offender, to fifteen years on Count I and ten years on Count II, concurrent with each other, but consecutive to a previous fifteen-year habitual offender sentence.
Appellant contends that the trial court committed fundamental error by improperly instructing the jury on burglary. He argues that the trial court named the underlying offense as "burglary," which created a circular definition that defined trespass, rather than the crime of burglary.
"Burglary" means entering or remaining in a structure or conveyance with the intent to commit "an offense" therein. § 810.02, Fla. Stat. (1993). An essential element of burglary is an intent to commit "an offense". State v. Waters, 436 So.2d 66, 68 (Fla.1983).... [I]t is circular to define "burglary" by indicating the need to show an intent to commit "burglary" within the structure or conveyance, rather than an intent to commit an underlying "offense" within the structure.
Viveros v. State, 699 So.2d 822, 824 (Fla. 4th DCA 1997). Although it is not necessary to instruct the jury on the specific offense which the appellant intended to commit within the structure, Viveros, 699 So.2d at 825 (citing Duncan v. State, 606 So.2d 1227 (Fla. 4th DCA 1992)), it is necessary for the jury to find that appellant entered the premises to commit "an offense" therein.
Here, the trial court gave the same instruction as that given in Viveros. In so doing, the trial court improperly instructed the jury on "intent to commit the offense of burglary," rather than on "intent to commit an offense." For the reasons discussed in Viveros, we must hold the erroneous instruction constituted fundamental error. Hence, we reverse appellant's conviction for burglary of a dwelling and remand for a new trial on this charge.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
SHAHOOD and GROSS, JJ., concur.