741 So.2d 1230 (1999)
Gary Wayne BERNHARDT, Appellant,
v.
STATE of Florida, Appellee.
No. 97-04438.
District Court of Appeal of Florida, Second District.
October 1, 1999.
James Marion Moorman, Public Defender, and Allyn Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Gary Wayne Bernhardt, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Gary Bernhardt appeals his conviction and sentence for attempted burglary of a dwelling. We affirm notwithstanding the fact that the record contains an erroneous written jury instruction.
Mr. Bernhardt was charged with burglary of a dwelling. The jury found him guilty of the lesser offense of attempted burglary. The transcript of the trial reflects that the trial court provided a correct burglary instruction when the judge read the instructions to the jury. The written instructions in the record, however, incorrectly state that, to find him guilty of burglary, the jury must find that "at the time of entering the structure Gary Bernhardt had a fully-formed conscious intent to commit the offense of burglary in that structure." (Emphasis added.) If this instruction was given to the jury, precedent suggests that the error is fundamental. See Davis v. State, 736 So.2d 27 (Fla. 4th DCA 1999); Viveros v. State, 699 So.2d 822 (Fla. 4th DCA 1997).
Our reading of the transcript strongly suggests that the written instructions were never given to the jury. Nevertheless, we are unable to determine that the jury did not receive these incorrect instructions. If Mr. Bernhardt can allege under oath that the erroneous written instructions were in fact given to the jury, he may seek timely postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.
Affirmed.
ALTENBERND, A.C.J., and SALCINES, J., and DANAHY, PAUL W., (Senior) Judge, Concur.