743 So.2d 178 (1999)
Alphanso E. HARRISON, Appellant,
v.
The STATE of Florida, Appellee.
No. 99-650.
District Court of Appeal of Florida, Third District.
November 3, 1999.
*179 Bennett H. Brummer, Public Defender and Roy A. Heimlich, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Jill K. Traina, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and LEVY and FLETCHER, JJ.
SCHWARTZ, Chief Judge.
The only disputed issue at the appellant's trial was whether he entered the premises upon which he had admittedly trespassed with the intent to commit the offense of theft, as alleged, and was therefore guilty of burglary as he was charged and convicted. In these circumstances, the trial judge's instruction that he was guilty of burglary if he had a "fully formed conscious intent to commit the offense of burglary in [the] structure" [e.s.], even though unobjected to below, requires a new trial. It is apodictic that the failure to instruct as to any element of an offense which is "pertinent or material to what the jury must consider in order to convict," Stewart v. State, 420 So.2d 862, 863 (Fla. 1982), amounts to fundamental error which need not be preserved below. Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); Viveros v. State, 699 So.2d 822 (Fla. 4th DCA 1997). That rule is plainly applicable in this case, in which the totally circular instruction which was actually giventhat burglary consists of entering premises with the intent to commit a burglaryentirely eliminated the crucial element of the intent to commit another, different offense. § 810.02(1), Fla. Stat. (1999); see Viveros, 699 So.2d at 822. Compare, e.g., Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981), cert. denied, 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998 (1983) (no fundamental error in failing to instruct on element of a crime conceded to be present).
We note that the trial court also committed clear error by permitting the contents of the defendant's sworn motion to dismiss to be introduced into evidence (as a purported admission) in the state's case in chief.
Reversed.