774 So.2d 934 (2001)
Ramon VALENTINE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1048.
District Court of Appeal of Florida, Fifth District.
January 5, 2001.
*935 James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Ramon L. Valentine ["Valentine"] appeals his convictions for burglary of a conveyance with an assault or battery, battery and criminal mischief. The charges arose out of an incident in which Valentine broke into a vehicle in which his former girlfriend was sitting and ultimately assaulted her.
The trial record establishes the following facts. Valentine met his former girlfriend, Wendy Sussman, when she was five months pregnant and dating another man named Victor. Sussman phoned Valentine when she broke up with her boyfriend and they began to date. While they were dating, Valentine bought a van for Sussman's use and things for her baby.
Valentine and Sussman began fighting after the baby was born on November 23, 1998. They were no longer together as of December 23, 1998, but were thinking of getting back together. Valentine phoned Sussman and told her he wanted to see her. She agreed, but made him promise he would never drink again. She told him that she may come by the place he was living to make sure he was not drinking.
Later that day, Sussman's friend, Johanny Rosa, came to see her in her 1994 Plymouth Sundance. Victor was also present. Sussman asked Johanny to take her by the motel where Valentine was staying. They found Valentine at the pool area of the motel. Sussman got out of the vehicle to talk to Valentine, but immediately smelled alcohol on him. When she told him she did not want to be around him, he got angry, grabbed her to prevent her from getting back into the car, and tried to kiss her. Sussman pulled away and got back into the car. Victor, who was sitting in the front passenger seat, got out to talk to Valentine. Valentine then got into the car and reached back to grab a camera that he said he was taking back. Sussman asked Valentine to let her keep it since there were pictures of her son in the camera, *936 so Valentine threw it in her direction. Victor pulled Valentine out of the car, and Sussman shut the door and locked it. The front passenger window was halfway open so Valentine reached in, unlocked the door, and got into the car again. He appeared very angry and extremely drunk. He reached back to grab Sussman and she pushed him away. He then grabbed Sussman's neck with his left hand and pinned her up against the back seat and slapped her with his right hand.
At trial, the jury was instructed without objection as follows:
Before you can find the defendant guilty of burglary, the State has to prove the following three elements beyond a reasonable doubt:
One is that Ramon Valentine entered or remained in a conveyance owned by or in the possession of Johanny Rosa;
Two, that Ramon Valentine did not have the permission or consent or Johanny Rosa or anyone authorized to act for her to enter or remain in the conveyance at that time, and at the time of entering or remaining in the conveyance, Ramon L. Valentine had a fully formed conscious intent to commit the offense of burglary with an assault or battery in that conveyance.

* * *
Even though an unlawful entering or remaining in a conveyance is proved, if the evidence does not establish that it was done with the intent to commit burglary with an assault or battery, the defendant must be found not guilty.
Following deliberations, the jury found Valentine guilty as charged. The court adjudicated Valentine guilty and sentenced him to 52 weeks in the county jail on each of the misdemeanor convictions, to run concurrently. He was sentenced to life for the burglary.
Valentine makes two arguments on appeal with respect to the instructions on burglary with an assault. He first argues that the trial court committed fundamental error when it instructed the jury that in order to find him guilty of burglary of a conveyance with an assault or battery, the jury had to find that at "the time of entering or remaining in the conveyance, Ramon L. Valentine had a fully formed conscious intent to commit the offense of burglary with an assault or battery in that conveyance." He maintains that this instruction is fundamentally flawed, since it instructs the jury that Valentine had to enter the vehicle with the intent to commit a "burglary" rather than with the intent to commit some distinct, underlying offense.
This issue is properly conceded by the State. A number of courts have recognized that it is fundamental error to instruct the jury that a defendant may be found guilty of burglary if the jury finds that the defendant entered a structure or conveyance with the intent to commit a "burglary," rather than with the intent to commit some distinct, underlying offense. See, e.g., Lawrence v. State, 746 So.2d 1252 (Fla. 5th DCA 1999).[1] Such an instruction is a circular instruction which misstates the elements of the offense. The error in the oral instructions was discovered at trial, and correct written instructions were given to the jury. However, the correction was never brought to the jury's attention. *937 Cf. Bernhardt v. State, 741 So.2d 1230 (Fla. 2d DCA 1999). It cannot be assumed that the jury noticed the change in the instructions and disregarded the erroneous instruction.
Valentine also contends that the trial court erroneously instructed the jury on the offense of burglary of a conveyance with an assault or battery, contrary to Delgado v. State, 776 So.2d 233 (Fla.2000). In Delgado, which was originally decided one month before this case went to trial,[2] the Florida Supreme Court interpreted the "remaining in" language used in Florida's burglary statute to permit a conviction for burglary for remaining in a conveyance or structure only when a defendant "surreptitiously" remained in a structure or conveyance. The court reasoned that "[i]n the context of an occupied dwelling, burglary was not intended to cover the situation where an invited guest turns criminal or violent." Id. The court concluded that offenses committed after a defendant had lawfully gained entry to premises, but had not surreptitiously remained on the premises, should not automatically be converted into a burglary based on a legal presumption that consent to enter was withdrawn when the defendant committed the illegal act.
The instruction that was given in this case, which appears to be the standard instruction, appears incomplete in light of Delgado. The jury was instructed that:
Before you can find the defendant guilty of burglary, the State has to prove the following three elements beyond a reasonable doubt:
One is that Ramon Valentine entered or remained in a conveyance owned by or in the possession of Johanny Rosa;
Two, that Ramon Valentine did not have the permission or consent of Johanny Rosa or anyone authorized to act for her to enter or remain in the conveyance at that time, and at the time of entering or remaining in the conveyance, Ramon L. Valentine had a fully formed conscious intent to commit the offense of burglary with an assault or battery in that conveyance.
* * *
Even though an unlawful entering or remaining in a conveyance is proved, if the evidence does not establish that it was done with the intent to commit burglary with an assault or battery, the defendant must be found not guilty.
This instruction suggests to the jury that it could convict Valentine if it found that he formed the requisite intent while he remained in the vehicle. However, because this is not a case where the facts could support a "surreptitious remaining," Valentine could not be convicted of burglary unless he had the requisite intent when he entered the vehicle. Accord Bledsoe v. State, 764 So.2d 927 (Fla. 2d DCA 2000) (defendant could not be convicted of burglary for remaining at party after hostess asked him to leave). In light of these errors in the instructions, Valentine is entitled to a new trial.
REVERSED and REMANDED.
HARRIS, J., concurs in result.
W. SHARP, J., concurs and dissents in part, with opinion.
W. SHARP, J., concurring and dissenting.
I agree that reversible error occurred in this case with regard to the Delgado issue,[1] because the Florida Supreme Court *938 has clarified that the "remaining in" part of the burglary statute,[2] only applies if the defendant has surreptitiously remained in a structure or conveyance. In this case, the jury should not have been given the option of finding Valentine guilty on the basis that he remained in the conveyance and then formed the intent to commit a crime. There was no factual basis for this instruction and there is no way to determine if it was the basis for the jury's finding of guilty.[3]
However, I do not think the other instruction error is fundamental and, if error, it was waived. The trial court orally instructed the jury it had to find Valentine had a fully-formed, conscious "intent to commit the offense of burglary with an assault or battery in that conveyance." Reference to the offense of burglary was redundant and circular, and should not have been included in the sentence quoted above. However, the prosecutor caught the error and after a discussion with the defense and the prosecutor, the court corrected the written instructions by striking through those words and sending the corrected written instruction to the jury. The defense did not object to this procedure and thus waived the error, if any. See Rhodes v. State, 638 So.2d 920, 926 (Fla.), cert. denied, 513 U.S. 1046, 115 S.Ct. 642, 130 L.Ed.2d 547 (1994).
Further, in my view, the oral instruction in this case is distinguishable from other cases relied upon by the defense to establish fundamental error. In all of those cases no corrected written instruction was furnished to the jury. More significantly, the oral instruction, as well as the written one in those cases, did not require the jury to find the defendant intended to commit a specific crime, as did the instruction in this case; i.e., "intent to commit the offense of burglary with an assault or battery in that conveyance." See Lawrence v. State, 746 So.2d 1252 (Fla. 5th DCA 1999) ("at the time of entering or remaining in the structure [Defendant] had a fully-formed conscious intent to commit the offense of a burglary of a structure"); Harrison v. State, 743 So.2d 178 (Fla. 3d DCA 1999) (jury instructed it had to find the defendant had a "fully-formed, conscious intent to commit the offense of burglary in [the] structure"); Davis v. State, 736 So.2d 27 (Fla. 4th DCA 1999) (jury instructed it had to find the defendant "had a fully-informed conscious intent to commit the offense of burglary in that structure"); Viveros v. State, 699 So.2d 822 (Fla. 4th DCA 1997) (jury instructed it had to find the defendant either unlawfully entered or remained in a structure, "with the intent to commit burglary").
NOTES
[1] See also Harrison v. State, 743 So.2d 178 (Fla. 3d DCA 1999) (finding in burglary prosecution that it was fundamental error to instruct jury that offense of burglary required "fully formed conscious intent to commit the offense of burglary in [the] structure"); Davis v. State, 736 So.2d 27 (Fla. 4th DCA 1999) (finding in attempted burglary prosecution that it was error to instruct jury that at time of entering or remaining in structure, defendant had "fully informed [sic] conscious intent to commit the offense of burglary in that structure"); Viveros v. State, 699 So.2d 822 (Fla. 4th DCA 1997) (jury instruction that intent to commit burglary was essential element of armed burglary with firearm was fundamental error; offense required intent to commit some underlying offense, distinct from burglary, at time that defendant went into or remained in structure).
[2] The original opinion was issued on February 3, 2000. A corrected opinion was issued on August 24, 2000. Although there were substantial changes in the revised opinion, the ruling at issue remained unchanged in both opinions.
[1] Delgado v. State, 24 Fla. L. Weekly S631 (Fla. Feb. 3, 2000).
[2] § 810.02(1), Fla. Stat. The statute states:

(1) "Burglary" means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
[3] Scott v. State, 722 So.2d 256 (Fla. 5th DCA 1998), rev. granted, 729 So.2d 394 (Fla.1999); Boone v. State, 711 So.2d 594 (Fla. 1st DCA 1998).