793 So.2d 71 (2001)
Nicolo GIANGRASSO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-616.
District Court of Appeal of Florida, Fourth District.
July 25, 2001.
Rehearing Denied September 20, 2001.
Philip L. Reizenstein, Miami, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan Odzer Hugentugler, *72 Assistant Attorney General, Fort Lauderdale, for appellee.
STONE, J.
We affirm Giangrasso's conviction and sentence for burglary with an assault or battery pursuant to section 810.02(1) and (2)(a), Florida Statutes. Of the several issues raised, we address two relating to jury instructions.
The record reflects that Giangrasso and Cindy Salin had been dating for a couple of years when Giangrasso became upset and moved out of Salin's apartment. About a month later, Giangrasso called Salin, stating that he wanted to come over and talk. Salin refused. Nevertheless, Giangrasso, who had been drinking, went to Salin's apartment.
Giangrasso began banging on the door. When Salin told him to leave, he kicked his way through the door and entered the apartment. Salin ran to call the police, but Giangrasso grabbed the phone and broke it. She ran, screaming at Giangrasso and telling him to leave. He then hit her in the face. When the police arrived, they found Salin upset, shaking, and crying. The left side of her face was swollen and red.
During the charge conference, there was discussion about the verdict form, which listed separately burglary with assault and/or battery, burglary of a dwelling, trespass, and battery. The court explained that the jury would be instructed to check only one box, and defense counsel responded, "Okay."
When the defense later reviewed the jury instructions, counsel pointed out to the court that the burglary instruction was confusing and needed to include language specifying that there must be intent to commit an assault or battery. The state agreed, and the court orally instructed the jury as follows:
Before you can find the defendant guilty of burglary, the State must prove the following three elements beyond a reasonable doubt, one, ... Giangrasso entered and/or remained in a structure owned by or in the possession of ... Salin; two, ... Giangrasso did not have the permission or consent of ... Salin, or anyone authorized to act for her, to enter and/or remain in the structure at the time; three, at the time of entering and/or remaining in the structure, ... Giangrasso had a fully-formed, conscious intent to commit the offense of burglary with assault and/or battery in that structure.
The intent with which an act is done is an operation of the mind and, therefore, is not always capable of direct and positive proof. It may be established by circumstantial evidence, like any other fact in a case. Even though an unlawful entering and/or remaining in a structure is proved, if the evidence does not establish that it was done with the intent to commit assault and/or battery, the defendant must be found not guilty.
(Emphasis added)
When the court completed the instructions, it conducted a sidebar conference. The court stated: "I think, when we say that, `a fully-formed conscious intent to commit the offense of'-it should be assault and battery. Take out the burglary? All agree to that?" The court offered to read the instruction to the jury again, but counsel for both sides indicated agreement that the written instructions to be given to the jury would be corrected accordingly. Thereafter, a written instruction stating "a fully-formed, conscious intent to commit the offense of assault and/or battery" was given to the jury. The defense did not object at any time.
*73 The jury retired to deliberate and returned with a question for the court. It asked whether it could find Giangrasso guilty of both trespass and battery. The court indicated to the parties that they had agreed that the jury could check only one box. It then asked defense counsel whether he agreed, and defense counsel responded that he did. Thereafter, the court instructed the jury that it could select only one box on the verdict form. The jury found Giangrasso guilty as charged in the information.
Giangrasso asserts that the trial court committed fundamental error in instructing the jury on the crime of burglary with an assault or battery and in instructing the jury that they could not find the appellant guilty of two lesser-included misdemeanor offenses.
Because intent to commit an offense is an essential element of burglary, the court must instruct the jury accordingly. Viveros v. State, 699 So.2d 822, 824 (Fla. 4th DCA 1997). This does not require the court to instruct the jury as to the specific offense intended to be committed; however, it does require that the court define burglary by indicating the need to find intent to commit an underlying "offense," rather than intent to commit "burglary." Puskac v. State, 735 So.2d 522, 523 (Fla. 4th DCA 1999).
We note that in Valentine v. State, 774 So.2d 934 (Fla. 5th DCA 2001), the court concluded that an instruction indicating the need to find intent to commit the offense of "burglary with an assault or battery" does not meet this requirement. We recognize that Giangrasso did not object or require that the jury be re-instructed. However, error, if any, as to this is fundamental and subject to review absent objection. Viveros, 699 So.2d at 825; Puskac, 735 So.2d at 523.
We have considered Viveros and Puskac, and deem them inapposite. See Freeman v. State, 787 So.2d 152 at 153 (Fla. 4th DCA 2001). The instruction in this case made it clear that for Giangrasso to be convicted, he must have entered or remained in Salin's apartment with the intent to commit assault and/or battery.[1] In Freeman, this court rejected the conclusion reached in Valentine and recognized that although burglary instructions should not couple a reference to burglary in the language requiring the jury find an intent to commit the offense, such error is cured by making it clear to the jury that, in addition to the unlawful entry, it must find an intent to commit an offense. Id. at 153.
Giangrasso also asserts that the court reversibly erred in advising the jury that it could select only one box on the verdict form.
We need not address the merits of the court's response, as Giangrasso waived the issue when his attorney assented to the court's decision to list trespass and battery separately on the verdict form. See Jones v. State, 484 So.2d 577, 579 (Fla.1986); Morris v. State, 658 So.2d 155 (Fla. 1st DCA 1995). Counsel further substantiated this waiver by agreeing that the jury could check only one box when it presented its question to the court. There is no suggestion that Giangrasso disagreed with his attorney's actions. In any event, in a noncapital case, the court was not required to determine on the record that Giangrasso agreed to waive trespass and battery as *74 joint lesser-included offenses. Jones, 484 So.2d at 579.
As to all other issues raised on appeal, we also find no reversible error or abuse of discretion and affirm.
FARMER and SHAHOOD, JJ., concur.
NOTES
[1] We note that in this case, there was also the corrected written instruction. Giangrasso's failure to object to the curative procedure proposed by the court waived any challenge to it. See Rhodes v. State, 638 So.2d 920 (Fla.1994).