879 So.2d 686 (2004)
Roy Dean BRUCE, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D03-4233.
District Court of Appeal of Florida, Fourth District.
August 11, 2004.
Roy Dean Bruce, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Linda Harrison, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Roy Dean Bruce was charged by information with burglary of a dwelling and grand theft from a dwelling. He was found guilty by a jury on both counts. On appeal, this court per curiam affirmed without opinion Bruce's conviction and sentence. Bruce v. State, 855 So.2d 68 (Fla. 4th DCA 2003). Bruce then filed a Petition for Writ of Habeas Corpus alleging ineffective assistance of appellate counsel. We grant the petition and remand for a new trial.
We write only to discuss Bruce's allegation that his appellate counsel should have raised an issue regarding the burglary jury instruction given at trial. The trial court read the following instruction for burglary of a dwelling:
The State must prove the following three elements beyond a reasonable doubt: One, Roy Dean Bruce entered or remained in a dwelling owned by or in the possession of G.L. Homes of Florida, Inc.

*687 Two, Roy Dean Bruce did not have the permission or consent of G.L. Homes of Florida, Inc., or anyone authorized to act for him, to enter or remain in the dwelling at the time.
Three, at the time of entering the dwelling, Roy Dean Bruce had a fully formed conscious intent to commit the offense of burglary in the dwelling.
(Emphasis added). The emphasized portion is at issue in this case.
To grant a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel, ineffective assistance must first be found. See Thompson v. State, 759 So.2d 650 (Fla.2000) ("In order to grant habeas relief on the basis of ineffective assistance of appellate counsel, this Court must determine `first whether the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance and, second, whether the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result.'") (citation omitted). Thus, two prongs must be established for a successful ineffective assistance of appellate counsel claim, based on Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Davis v. State, 875 So.2d 359 at 365 (Fla.2003) (citation omitted). "First, a defendant must establish conduct on the part of counsel that is outside the broad range of competent performance under prevailing professional standards." Id. (citation omitted). The prevailing professional standard is one of objective reasonableness. Hill v. State, 839 So.2d 865, 866 (Fla. 4th DCA 2003) (citation omitted). "Second, the deficiency in counsel's performance must be shown to have so affected the fairness and reliability of the proceedings that confidence in the outcome is undermined." Davis, 875 So.2d at 365 (citations omitted). Stated another way, this is a question of whether the result of the proceedings would have been different but for "counsel's unprofessional errors." Hill, 839 So.2d at 866 (citation omitted).
Here, Bruce has established both prongs of this test in regard to appellate counsel's failure to raise an issue regarding the burglary instruction. The first prong has been established because this jury instruction constitutes fundamental error. As this court has stated, "failure to give a complete or accurate instruction constitutes fundamental error if it relates to an element of the charged offense." Dowling v. State, 723 So.2d 307, 308 (Fla. 4th DCA 1998) (citations omitted). In reviewing a nearly identical jury instruction this court concluded that "it is circular to define `burglary' by indicating the need to show an intent to commit `burglary' within the structure or conveyance, rather than an intent to commit an underlying `offense' within the structure or conveyance." Viveros v. State, 699 So.2d 822, 824 (Fla. 4th DCA 1997). As a result, the jury instruction constituted fundamental error. Id. at 825; see also Davis v. State, 736 So.2d 27, 28 (Fla. 4th DCA 1999) (considering a similar jury instruction and finding fundamental error).
Because the error in the present case was of the same circular nature, and therefore, also fundamental, we find that appellate counsel's performance was deficient, establishing the first prong of Strickland. See Gore v. State, 846 So.2d 461, 471 (Fla.2003) (stating "this issue was not preserved for appeal and, in the absence of fundamental error, appellate counsel cannot be ineffective for failing to raise an unpreserved claim.").
Bruce also satisfies the second prong of Strickland because the deficiency in his appellate counsel's performance undermines *688 our confidence in the outcome of the proceedings. "Where an instruction is confusing or misleading, prejudicial error occurs where the jury might reasonably have been misled." Giles v. State, 831 So.2d 1263, 1265 (Fla. 4th DCA 2002) (citing Wadman v. State, 750 So.2d 655, 658 (Fla. 4th DCA 1999)). Fundamental error, as exists in this case, is harmful error, and necessarily prejudicial. See Reed v. State, 837 So.2d 366, 370 (Fla.2002) ("Thus, for error to meet this standard [fundamental error], it must follow that the error prejudiced the defendant. Therefore, all fundamental error is harmful error."). Thus, because the jury instruction constituted reversible error, Bruce has established both prongs of Strickland. Therefore, we find there was ineffective assistance of appellate counsel and grant the petition.
As such, we remand for a new trial because under the circumstances, if appellate counsel had brought this issue to our attention, we would have granted Bruce a new trial. See Johnson v. Wainwright, 498 So.2d 938, 939 (Fla.1986) ("If appellate counsel had brought the jury separation issue to our attention on appeal, a new trial would have been granted. Johnson seeks a new appeal in the instant petition and, in fact, has demonstrated his counsel's ineffectiveness. In this instance, however, a new appeal would be redundant because we acknowledge that reversible error occurred at trial. Therefore, we reverse Johnson's convictions, vacate his sentences, and direct that he be retried.").
Accordingly, the petition is granted and we remand for a new trial.
PETITION GRANTED.
GUNTHER, KLEIN and MAY, JJ., concur.