899 So.2d 421 (2005)
John D. STONE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1421.
District Court of Appeal of Florida, Fifth District.
April 1, 2005.
James S. Purdy, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robin Compton, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
The defendant appeals from his convictions for petit theft and burglary of a dwelling. We find that the evidence was sufficient to establish petit theft but that the trial court committed fundamental error in instructing the jury on the burglary offense. The remaining points raised by the defendant are without merit.
The facts underlying the charges are as follows. Jamison testified he was sitting on the back porch of his home, waiting for a tree surgeon. His garage door was open. Jamison heard the sound of a car and presuming it was the tree surgeon, went to the garage door to meet him. Instead of the tree surgeon, Jamison encountered the defendant standing at the garage door. The defendant said, "I'm looking for Tom Farrell." Jamison said that no Tom Farrell was there and the defendant replied, "this is the address he gave me and he owes me money." Jamison reiterated that there was no Tom Farrell at his home. The defendant then turned and walked down the driveway.
Jamison retreated to the patio to answer his telephone. While on the patio, he heard the house alarm system go off. Jamison headed to the garage and as he arrived, he saw the defendant, some two feet inside his garage, bent over his tool kit. Jamison asked the defendant what he was doing and the defendant ran out of the garage, down the driveway toward a waiting car. Jamison heard the defendant yell at the driver of the car to drive down to *422 the corner, that "the garage is armed." Jamison got the tag number of the vehicle and called the police. Jamison believed the defendant had been attempting to steal his tools, though he did not see the defendant touch any of the tools. The defendant did not actually remove any property from Jamison's garage.
The defendant testified he went to Jamison's home because Farrell, a man who owed him money, told him he lived at that address. The defendant did not believe Jamison when Jamison told him Farrell did not live there. The defendant testified he returned to Jamison's garage to see if Farrell was there. The defendant denied that he intended to steal anything and claimed he fled when he heard Jamison approach.

Petit Theft Conviction
The trial court correctly denied the defense motion for judgment of acquittal as to the crime of petit theft. Section 812.014, Florida Statutes, has been held to define theft as including the attempt to commit theft. State v. Sykes, 434 So.2d 325, 327 (Fla.1983) ("By including the words, `or endeavors to obtain or use,' the statutory language reveals on its face a legislative intent to define theft as including the attempt to commit theft"). The evidence, viewed in the light most favorable to the State, reflects an intent to commit a theft and acts done toward commission of the offense.

Burglary of a Dwelling Conviction
The trial court orally instructed the jury on the elements of burglary of a dwelling as follows:
To prove the crime of burglary, the State must prove the following three elements beyond a reasonable doubt. (1) That John Douglas Stone entered a dwelling owned or in the possession of... Jamison. (2) That the defendant did not have the permission or consent of the victim, or anyone authorized to act for the victim to enter the dwelling at that time. (3) At the time of entering the dwelling, the defendant had a fully-formed, conscious intent to commit an offense of burglary in that dwelling.
(Emphasis added.)
By this instruction, the jury was told that the State had to prove that the defendant acted with intent to commit an offense of burglary in the dwelling. An instruction such as this has been held to constitute fundamental error because "it is circular to define `burglary' by indicating the need to show the intent to commit `burglary' within the structure of conveyance, rather than an intent to commit an underlying `offense' within the structure or conveyance." Viveros v. State, 699 So.2d 822, 824 (Fla. 4th DCA 1997). Accord Bruce v. State, 879 So.2d 686 (Fla. 4th DCA 2004), Valentine v. State, 774 So.2d 934 (Fla. 5th DCA 2001); Harrison v. State, 743 So.2d 178 (Fla. 3d DCA 1999).
The State seeks to avoid this decisional law by claiming the error was cured: (1) by a reading of other instructions and (2) because a correct written copy of the instructions was furnished to the jury. This latter contention was expressly rejected by this Court in Valentine:
The error in the oral instructions was discovered at trial, and correct written instructions were given to the jury. However, the correction was never brought to the jury's attention. Cf. Bernhardt v. State, 741 So.2d 1230 (Fla. 2d DCA 1999). It cannot be assumed that the jury noticed the change in the instructions and disregarded the erroneous instruction.
774 So.2d at 936-37.
In the instant case, not only is there no indication that the error was brought to *423 the jury's attention, it does not appear that this error in the oral instruction was even discovered at trial.
As to the claim that subsequent instructions read by the trial court cured the error, the State relies on the following additional charge:
Proof of the  entering of a dwelling stealthily and without the consent of the owner or occupant may justify a finding that entering  that the entering was with the intent to commit a crime if, from all the surrounding facts and circumstances, you are convinced beyond a reasonable doubt that the intent existed.
. . . .
Even though an unlawful entering or remaining in a dwelling is proved, if the evidence does not establish that it was done with the intent to commit an offense, the defendant must be found not guilty.
(Emphasis added).
The problem with the State's argument is that having previously identified an "intent to commit an offense of burglary in that dwelling," the subsequent instructions in no way clarify that the State had to establish that the defendant acted with an intent to commit some underlying offense, distinct from burglary, inside the structure. Viveros. The absolute best that can be said for the State is that the jury was told that it could convict the defendant of burglary if the defendant acted with an intent to commit a crime or offense, including a burglary, in the dwelling. The jury was never correctly orally instructed on this essential element of burglary.
It is this fact that distinguishes the instant case from Freeman v. State, 787 So.2d 152 (Fla. 4th DCA 2001) and Giangrasso v. State, 793 So.2d 71 (Fla. 4th DCA 2001). In Freeman, any error was deemed cured where the jury was incorrectly instructed that the defendant had to act with intent to commit the offense of burglary in the structure but was thereafter instructed that, "if the evidence does not establish that [unlawful entry] was one with the intent to commit theft, the defendant must be found not guilty." 787 So.2d at 153 (emphasis added).
Likewise, in Giangrasso, the trial court erroneously instructed that the defendant had to act with intent to commit the offense of burglary with assault and/or battery in the structure but thereafter instructed that even if an unlawful entry was proved "if the evidence does not establish that it was done with the intent to commit an assault and/or battery, the defendant must be found not guilty." 793 So.2d at 72 (emphasis added). The error in this case could have been cured by a subsequent instruction which informed the jury that to convict it must find that the unlawful entry was done with the intent to commit an offense other than burglary. Such an instruction, however, was never given.
Finally, we cannot say that this is one of those rare cases where the fundamentally flawed instruction may be regarded as harmless error. Cf. Pena v. State, 901 So.2d 781, 2005 WL 425408 (Fla. Feb. 24, 2005).

Conclusion
We affirm the petit theft conviction. The burglary of a dwelling conviction is reversed due to fundamental error in instructing the jury.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
SHARP, W. and TORPY, JJ., concur.