920 So.2d 48 (2005)
Paul Franklin HILLMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-154.
District Court of Appeal of Florida, Fifth District.
December 16, 2005.
Rehearing Denied February 8, 2006.
*49 James S. Purdy, Public Defender, and Dee Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Appellant, Paul F. Hillman ["Hillman"], appeals his convictions and sentences for two counts of burglary and one count of aggravated assault with a firearm.
The State charged Hillman by information with twelve crimes based on an incident that occurred in a residence during the early morning hours on June 7, 2003. The relevant offenses charged for purposes of this appeal were count four (aggravated assault with a firearm), count five (burglary of a dwelling with assault or battery on Rasheed Silvera), and count six (burglary of a dwelling with assault or battery on Brandy Griffin).
The charges were based on evidence that on the evening in question, the two victims, Rasheed Silvera ["Silvera"] and Brandy Griffin ["Griffin"], were asleep in Silvera's home. They were awakened when Hillman and Victor Smith ["Smith"] kicked in the bedroom door, pointed a gun at Silvera and Griffin, and ordered them to roll over and lie quietly. Silvera and Griffin recognized Hillman's voice.
The jury found Hillman guilty of counts four, five, six, eleven, and twelve. The jury also made a special finding that Hillman did not possess a firearm. Hillman filed a motion for new trial claiming that count four should be reduced to aggravated assault because the jury expressly found no firearm. The motion also asserted that count six was a lesser included offense of count five and convictions for both count five and six violate double jeopardy. The trial court denied the motion. At sentencing, the trial court did not sentence Hillman under count six based on double jeopardy but did allow the conviction to stand.
On appeal, Hillman first argues that the trial court committed fundamental error when it instructed the jury in a circular fashion on the elements of burglary in support of counts five and six. The instructions that were given informed the jury that it could find the defendant guilty of burglary if it found that he had entered the home with the intent to commit a *50 "burglary" therein. The State properly concedes that the instructions were improper, as they defined burglary in a circular fashion. This court and other district courts have held that it is circular to define burglary by indicating the need to show intent to commit a burglary rather than intent to commit an underlying offense. See Stone v. State, 899 So.2d 421, 422 (Fla. 5th DCA 2005); Bruce v. State, 879 So.2d 686, 687 (Fla. 4th DCA 2004). In Stone, we held the error to be fundamental. Hillman is entitled to a new trial on counts 5 and 6.[1]
REVERSED and REMANDED.
SAWAYA and TORPY, JJ., concur.
NOTES
[1] Although rendered moot by our disposition, we note for the trial court's benefit that the verdict will support only one burglary conviction.