992 So.2d 361 (2008)
Jose RIVERA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-3087.
District Court of Appeal of Florida, Fifth District.
October 3, 2008.
*362 James S. Purdy, Public Defender, and Rose M. Levering, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellee.
COHEN, J.
Jose Rivera and a co-defendant were charged with burglary of a structure and grand theft, third-degree after they were caught stealing motorcycle tires from the fenced yard of a business. Rivera was inside the yard holding a tire, while his co-defendant was outside the fenced area with two stolen tires. According to the business' general manager, two of the three tires had no value. The other tire was new and had an approximate value of $150.[1] Rivera's co-defendant testified that the two rode track bikes using "trash" tires collected from motorcycle businesses. They would plug the holes, use the tires (which would usually last 10-15 minutes), and, lacking any environmental sensitivity, burn them. The co-defendant explained their intention that night was to take only trash tires that had no value.
Two issues are presented for our consideration, only one of which merits discussion. We conclude that the jury instruction on the burglary charge warrants reversal. Burglary is defined as entering or remaining in a structure with the intent to commit an offense therein. § 810.02, Fla. Stat. (2006). The State is not required to allege in the information the specific offense intended to be committed, nor is the court required to instruct as to a specific offense. It is sufficient to instruct that the State has the burden to prove the commission of an offense therein. Toole v. State, 472 So.2d 1174, 1175 (Fla.1985); Ellis v. State, 425 So.2d 201, 202 (Fla. 5th DCA 1983). This conclusion is reinforced by the standard jury instruction which states that even if an unlawful entry is proven, the State must still establish that it was done with the intent to commit a crime therein.
In this case at bar, the trial court instructed the jury that it could find burglary if "the defendant had a fully formed, conscious intent to commit the offense of burglary in that structure." This error was compounded when the court further instructed that "even though an unlawful entering or remaining is proved, if the evidence does not establish that it was done with an intent to commit burglary, the defendant must be found not guilty."
The State properly concedes that giving such a circular instruction constituted error. Hillman v. State, 920 So.2d 48, 50 (Fla. 5th DCA 2005); Stone v. State, 899 So.2d 421, 422 (Fla. 5th DCA 2005); Lee v. State, 958 So.2d 521, 522 (Fla. 2d *363 DCA 2007); Viveros v. State, 699 So.2d 822, 824 (Fla. 4th DCA 1997).[2]
We REVERSE Rivera's conviction for burglary of a structure and REMAND for a new trial on that charge. We AFFIRM Rivera's conviction for petit theft.
PALMER, C.J., and GRIFFIN, J., concur.
NOTES
[1] The trial court granted the defense motion for judgment of acquittal and reduced the grand theft charge to petit theft, greater than $100.
[2] Notwithstanding the lack of an objection, this instruction has been deemed fundamental. Stone v. State, 899 So.2d 421, 423 (Fla. 5th DCA 2005); Viveros v. State, 699 So.2d 822, 825 (Fla. 4th DCA 1997).