PER CURIAM.
 

 In this petition alleging ineffective assistance of appellate counsel, petitioner argues that counsel was constitutionally ineffective in failing to raise an error in the jury instruction on the burglary charge. The charge given instructed the jury that as to the third element he should have had a “fully formed conscious intent to commit the crime of
 
 burglary
 
 ” [e.s.] in the dwelling. In
 
 Viveros v. State,
 
 699 So.2d 822, 824 (Fla. 4th DCA 1997) and
 
 Puskac v. State,
 
 735 So.2d 522 (Fla. 4th DCA 1999), we have found this instruction fundamental error.
 

 We reject the State’s argument that another part of the instructions emphasized that the jury must find an intent to steal with an unlawful entry. This other part dealt with a separate instruction on the inference to be gleaned from possession of recently stolen property. It did not instruct the jury that an element of the crime that the State had to prove was that the defendant had a fully formed conscious intent to commit the offense of theft at the time he entered the dwelling.
 
 Cf. Freeman v. State,
 
 787 So.2d 152 (Fla. 4th DCA 2001) (where jury was properly instructed on issue in other instruction.)
 

 This case is indistinguishable from
 
 Bruce v. State,
 
 879 So.2d 686 (Fla. 4th DCA 2004), and
 
 Lee v. State,
 
 958 So.2d 521 (Fla. 2d DCA 2007), where petitions were granted under indistinguishable circumstances. As there, we grant the petition, quash the conviction, and remand the case for a new trial on the burglary charge.
 

 Petition granted.
 

 GROSS, C.J., FARMER and MAY, JJ., concur.