ON MOTION FOR REHEARING, REQUEST FOR WRITTEN OPINION, and MOTION FOR REHEARING EN BANC
PER CURIAM.
This cause is before us on appellant’s Motion for Rehearing, Request for Written Opinion, and Motion for Rehearing En Banc. We deny appellant’s motion for rehearing and motion for rehearing en banc. However, we grant her request for written opinion, withdraw our previously issued per curiam affirmance, and substitute the following opinion in its place.
In this appeal, appellant challenges her convictions for conspiracy to manufacture cannabis and manufacturing cannabis. We affirm on all issues, but write this opinion solely to address her claim of fundamental error in the jury instructions.
When the trial court orally instructed the jury, the court incorrectly substituted the word “possessing” for the word “processing” in the definition of the term *1070 “manufacture.” Specifically, the court orally instructed the jury as follows: “Manufacture means the production, preparation, packaging, labeling or re-labeling, propagation, compounding, cultivating, growing, conversion or possessing of a controlled substance either directly or indirectly.” (Emphasis added). However, the written jury instructions included the correct definition of manufacture: “ ‘Manufacture’ means the production, preparation, packaging, labeling or re-labeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance either directly or indirectly.” (Emphasis added).
Although appellant raised no objection to the instructions below, appellant argues on appeal that the trial court committed fundamental error when it orally instructed the jury that the term “manufacture” included “possessing” rather than “processing.”
Unless an error is fundamental, it must have been preserved for review through a contemporaneous objection. State v. Delva, 575 So.2d 643, 644 (Fla.1991). To constitute fundamental error, “the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” Id. at 644-45 (quoting Brown v. State, 124 So.2d 481, 484 (Fla.1960)). An error is deemed fundamental “when it goes to the foundation of the case or the merits of the cause of action and is equivalent to a denial of due process.” J.B. v. State, 705 So.2d 1376, 1378 (Fla.1998). “The doctrine of fundamental error should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.” Smith v. State, 521 So.2d 106, 108 (Fla.1988).
“A proper approach to fundamental error considers the jury instructions as a whole, in the context of the case that was tried; a proper approach does not nitpick at the instructions to manufacture a fundamental error that was overlooked by all the participants at trial.” Garzon v. State, 939 So.2d 278, 285 (Fla. 4th DCA 2006). Nonetheless, an erroneous jury instruction constitutes fundamental error “when the omission is pertinent or material to what the jury must consider in order to convict.” Delva, 575 So.2d at 645 (citation omitted). Applying this principle, we have held that “fundamental error occurs where a jury instruction incorrectly defines a disputed element of the crime in such a way as to reduce the state’s burden of proof.” Kennedy v. State, 59 So.3d 376, 381 (Fla. 4th DCA 2011).
Here, we acknowledge that replacing the word “processing” with the word “possessing” in the oral instruction on “manufacture” resulted in an incorrect definition of a disputed element of the crime. However, given that the written jury instructions were correct, we do not believe that fundamental error occurred merely because the trial court misstated a single word while orally instructing the jury.
In evaluating a claim of fundamental error in jury instructions, the proper approach is to examine the jury instructions as a whole, without nitpicking them to manufacture a fundamental error that was overlooked by all the participants at trial. Because the written jury instructions correctly stated the law and included the proper definition of “manufacture,” the erroneous oral instruction did not give rise to fundamental error. See Wike v. State, 698 So.2d 817, 822 (Fla.1997) (erroneous oral jury instruction using an “or” where an “and” was required did not constitute fundamental error where the jury was provided with a correct written copy of the *1071 instructions); Minor v. Singletary, 730 So.2d 326, 327 (Fla. 3d DCA 1999) (erroneous oral jury instruction regarding the definition of “excusable homicide” was not fundamental error where the jury was provided with the correct written instructions).
The Fifth District, however, appears to have reached a contrary result, expressly rejecting the argument that a correct written copy of the jury instructions cured an error in the oral instruction. See Stone v. State, 899 So.2d 421, 422 (Fla. 5th DCA 2005) (improper oral instruction on the elements of burglary constituted fundamental error even though a correct written copy of the instructions was furnished to the jury); Valentine v. State, 774 So.2d 934, 936-37 (Fla. 5th DCA 2001) (holding that it cannot be assumed that the jury disregarded the erroneous oral instruction even though correct written instructions were given to the jury) (per Griffin, J., with one judge concurring in result only).
Here, notwithstanding the fact that the trial court misspoke while orally instructing the jury, the written jury instructions were correct. In light of the correct written jury instructions, the jury would not have been misled into believing that mere possession was enough to establish the element of manufacturing. This is particularly true where the jury was instructed that possession of cannabis was a lesser included offense of manufacturing cannabis.
To the extent that Stone and Valentine are inconsistent with this opinion, we certify conflict with the Fifth District.

Affirmed.

TAYLOR, LEVINE and KLINGENSMITH, JJ„ concur.