746 So.2d 1252 (1999)
Anthony LAWRENCE, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2155.
District Court of Appeal of Florida, Fifth District.
December 30, 1999.
*1253 James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori E. Nelson, Assistant Attorney General, Daytona Beach, for Appellee.
GOSHORN, J.
Anthony Lawrence was convicted of burglary of a dwelling with an assault or battery therein, attempted aggravated battery with great bodily harm, throwing a deadly missile, and criminal mischief stemming from his entry into the victim's home and the ensuing confrontation. We must reverse and remand for a new trial on the burglary charge based upon the erroneous jury instruction.
After correctly informing the jury of the first two elements of burglary, the jury was instructed that the third element it had to find in order to convict on the burglary charge was whether
at the time of entering or remaining in the structure [Defendant] had a fully-formed conscious intent to commit the offense of burglary of a structure,....
(Emphasis added). This is an incorrect statement of the element, which requires that a defendant enter with the "intent to commit an offense therein." See State v. Waters, 436 So.2d 66, 69 (Fla.1983). The fundamental instructional error requires reversal for a new trial on that charge.[1]See Harrison v. State, 743 So.2d 178 (Fla. 3rd DCA 1999); Davis v. State, 736 So.2d 27 (Fla. 4th DCA 1999), clarified, 736 So.2d 27 (Fla. 4th DCA 1999). Defendant's remaining convictions are affirmed.
AFFIRMED in part, REVERSED in part; REMANDED.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] If, on remand, the State decides to retry Defendant, the trial court should be cognizant of Crawford v. State, 662 So.2d 1016 (Fla. 5th DCA 1995) (same battery cannot be used to both enhance a burglary offense and support an aggravated battery conviction).