787 So.2d 152 (2001)
Kenneth FREEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-767.
District Court of Appeal of Florida, Fourth District.
May 2, 2001.
*153 Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan Odzer Hugentugler, Assistant Attorney General, Fort Lauderdale, for appellee.
KLEIN, J.
After appellant became a suspect in a burglary, he gave the police a statement admitting he had driven the vehicle and acted as a lookout while other men had burglarized a residence. Although he recanted his statement and testified at trial that on the day of the burglary he had been employed at a fish market which had no record of his employment, he was convicted of burglary and grand theft. We affirm.
Appellant argues that the trial court erred in instructing the jury on one of the elements of burglary as follows:
And at the time of entering the structure Kenneth Freeman had a fullyformed, conscious intent to commit the offense of burglary in the structure....
The court should have used the word "theft" instead of "burglary." The court did use the proper wording when it completed the instruction:
Even though an unlawful entering or remaining in a structure is proved, if the evidence does not establish that it was done with the intent to commit theft, the defendant must be found not guilty.
Appellant relies on Viveros v. State, 699 So.2d 822, 824 (Fla. 4th DCA 1997), in which the trial court made the same error that the court made in this case, but made it in both parts of the instruction, so that the jury was not instructed that burglary required intent to commit another offense after entry of the structure. We concluded that the error was fundamental and reversed. We find Viveros, and another case identical to Viveros, Puskac v. State, 735 So.2d 522 (Fla. 4th DCA 1999), distinguishable from this case, because in this case the jury was ultimately instructed that there had to be an intent to commit theft after the entry.
Closer on point, but still not identical, is Valentine v. State, 774 So.2d 934, 936 (Fla. 5th DCA 2001), in which the defendant was charged with breaking into a vehicle in which he assaulted his former girlfriend, and the trial court erroneously instructed the jury as follows:
[A]nd at the time of entering or remaining in the conveyance, Ramon L. Valentine had a fully formed conscious intent to commit the offense of burglary with an assault or battery in that conveyance.
* * *
Even though an unlawful entering or remaining in a conveyance is proved, if *154 the evidence does not establish that it was done with the intent to commit burglary with an assault or battery, the defendant must be found not guilty.
The emphasized language should have been omitted, and the fifth district reversed for a new trial. Despite the state's concession of error, Judge Sharp dissented, reasoning that, although the instructions were not exactly correct, they still required the jury to find that the defendant had committed a specific crime, assault or battery, as part of the offense of burglary. We think Judge Sharp's point was well taken.
We conclude that the error in the first portion of the instruction in this case was cured by the second portion of the instruction, which was correct and made it clear that the jury had to find an intent to commit theft along with an unlawful entry. The jury could not, accordingly, have been confused. We find no error in the other issue raised by appellant and therefore affirm.
STONE and HAZOURI, JJ., concur.