958 So.2d 521 (2007)
Eddie LEE, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D06-4558.
District Court of Appeal of Florida, Second District.
June 6, 2007.
Eddie Lee, pro se.
*522 Bill McCollum, Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Respondent.
ALTENBERND, Judge.
In his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), Eddie Lee contends that his appellate counsel was ineffective for failing to argue on direct appeal that the instruction given to the jury on the offense of burglary constituted fundamental error. We agree that appellate counsel rendered ineffective assistance when he neglected to raise this issue. We therefore grant the petition, reverse Mr. Lee's attempted burglary conviction, vacate the sentence imposed thereon, and remand for a new trial.
Mr. Lee was charged by information with burglary of a dwelling and misdemeanor battery. He was convicted, after jury trial, of attempted burglary of a dwelling, a lesser-included offense, and battery. The judgment and sentences were affirmed. Lee v. State, 911 So.2d 110 (Fla. 2d DCA 2005) (table decision). The testimony at trial established that the victim of the battery, Kaisha Herron, was visiting the residence of Catherine Wright. Ms. Wright's son, at Mr. Lee's request, relayed several messages to Ms. Herron requesting that she come outside of the apartment so that Mr. Lee might speak with her. Ms. Herron refused to come out. Mr. Lee apparently entered through the front door. None of the occupants gave him permission to enter. Once inside the apartment, Mr. Lee pushed and kicked Ms. Herron. Ms. Wright testified she had known Mr. Lee and his family for years and that he had been friends with her son, but he was not welcome in her home.
Without objection, the trial court instructed the jury that in order to convict on the crime of burglary the State must prove that "[a]t the time of entering the structure, Eddie Lee had a fully formed, conscious intent to commit the offense of burglary in that structure." (Emphasis added.) Five years prior to the filing of the notice of appeal from the judgment and sentences in this case, this court had held that a circular burglary instruction such as the one given in the present case constituted fundamental error. Bernhardt v. State, 741 So.2d 1230, 1230 (Fla. 2d DCA 1999). However, because the correct burglary instruction was read to the jury and the trial transcript strongly suggested that the erroneous written instruction was not provided to the jury, we affirmed Mr. Bernhardt's attempted burglary conviction without prejudice to his seeking relief through a sworn Florida Rule of Criminal Procedure Rule 3.850 motion. Id. Other district courts have held that the circular burglary instruction constitutes fundamental error. Lawrence v. State, 746 So.2d 1252, 1253 (Fla. 5th DCA 1999); Harrison v. State, 743 So.2d 178, 178 (Fla. 3d DCA 1999). In fact, the Fourth District in Bruce v. State, 879 So.2d 686, 687-88 (Fla. 4th DCA 2004), held that appellate counsel was ineffective for failing to argue on direct appeal that a circular burglary instruction almost identical to the one given in the present case was fundamental error.
We note that in Freeman v. State, 787 So.2d 152 (Fla. 4th DCA 2001), the court considered whether the exact instruction given in the present case rose to the level of fundamental error. The Freeman court held that it did not because, although the trial court instructed the jury that "at the time of entering the structure Kenneth Freeman had a fully-formed, conscious intent to commit the offense of burglary in the structure," the trial court used the proper wording when it completed the burglary instruction to the effect that "[e]ven though an unlawful entering or remaining in the structure is proved, if the evidence does not establish that it was done with the intent to commit theft, the defendant *523 must be found not guilty." Id. at 153. The error was not fundamental because the latter portion of the burglary instruction "made it clear that the jury had to find an intent to commit theft along with an unlawful entry." Id. at 154. In the present case, as well as the initial circular instruction, the jury was also instructed that "[e]ven though an unlawful entering or remaining in a structure is proved, if the evidence does not establish that it was done with the intent to commit an offense, the defendant must be found not guilty." Unlike, in Freeman, the jury here was never instructed that the State had to prove that Mr. Lee committed a named offense such as theft inside the structure. Instead, in completing the burglary instruction, the trial court advised that the State had to prove Mr. Lee committed an "offense" inside the structure. The use of the word "offense" does not exclude the offense of burglary. Thus, this latter part of the burglary instruction did not remedy the initial circular portion of the instruction. We also note that, during deliberations, the jury requested an explanation of the difference between trespassing and burglary. The jury was then instructed to review the specific pages of the written jury instructions.
Had appellate counsel raised the issue of the fundamental error in the burglary instruction, we would have been compelled to reverse Mr. Lee's conviction for attempted burglary. However, because a new appeal would be redundant in this case, we reverse Mr. Lee's attempted burglary conviction, vacate the sentence on said conviction, and remand for a new trial.
Petition granted.
SALCINES and LaROSE, JJ., Concur.