IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RODNEY L. LONG JR.,

      Petitioner,

v.

STATE OF FLORIDA,

      Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2272

Opinion filed April 4, 2016.

Petition Alleging Ineffective Assistance of Appellate Counsel -- Original
Jurisdiction.

Rodney L. Long, Jr., pro se, Petitioner.

Pamela Jo Bondi, Attorney General and Michael McDermott, Assistant Attorney
General, Tallahassee, for Respondent.

WOLF, J.

In <u>Long v. State</u>, 156 So. 3d 1080 (Fla. 1st DCA 2015), this court affirmed

Rodney Long's two convictions of burglary of a dwelling, one committed at the

Webb residence and the other at the McGowan residence. Long now alleges he received ineffective assistance of appellate counsel in his direct appeal because his appointed counsel failed to argue fundamental error in the jury instructions. We find the jury instruction on burglary was erroneous because it misinformed the jury that it had to find the defendant entered with an intent to commit burglary, rather than a separate offense. We further find that error was fundamental as to the McGowan offense, but it was not fundamental as to the Webb offense, because Long's counsel conceded that a burglary of the Webb residence had occurred; thus, Long's intent at the time of entry was not in dispute.

At trial, on both charges, the jury was instructed as follows:

As to Counts I and II, to prove the crime of Burglary, the State must prove the following two elements beyond a reasonable doubt:

1. RODNEY LAMAR LONG, JR. entered a structure owned by or in the possession of Herbert Webb (as to Count I) and Patricia McGowan (as to Count II).

2. At the time of entering the structure, RODNEY LAMAR LONG, JR. had *the intent to commit an offense* in that structure.

. . . .

Even though an unlawful entering or remaining in a structure is proved, if the evidence does not establish that it was done *with the intent to commit burglary*, the defendant must be found not guilty of burglary.

(Emphasis added.)

2

Our sister courts have found substantially similar "circular" instructions to be fundamental error because they leave the jury with the impression that it can convict the defendant of burglary without finding the intent to commit a separate offense at the time of the unlawful entry. In Viveros v. State, 699 So. 2d 822, 824 (Fla. 4th DCA 1997), the jury was instructed that the State had to prove the defendant had a "fully-formed, conscious intent to commit *the offense of burglary*" in the structure, and then was later instructed that "[e]ven though an unlawful entering or remaining in a structure is proved, if the evidence does not establish that it was done with the *intent to commit burglary*, the Defendant may not be found guilty." The Fourth District found that while it was not necessary to instruct the jury on the elements of the specific offense upon which the burglary charge was based, "this is not the same as saying that it is not necessary to establish that there was an intent to commit some underlying offense—distinct from 'burglary'—inside the structure or conveyance, or to instruct the jury in this regard." Id. at 825. The court went on to find that the error was fundamental, because the effect of the instruction was essentially that the jury was instructed on trespass, a different offense. Id. See also Lawrence v. State, 746 So. 2d 1252 (Fla. 5th DCA 1999); Harrison v. State, 743 So. 2d 178 (Fla. 3d DCA 1999); Puskac v. State, 735 So. 2d 522 (Fla. 4th DCA 1999).

Our sister courts have also found that counsel's failure to raise this fundamental error on appeal constitutes ineffective assistance of appellate counsel

necessitating a new trial. See Dean v. State, 124 So. 3d 997 (Fla. 4th DCA 2013) (granting petition alleging ineffective assistance of appellate counsel and remanding for a new trial where the jury was instructed that "to commit the offense of burglary, defendant was required to have a 'fully formed, conscious intent to commit the offense of burglary in that structure'"); Lee v. State, 958 So. 2d 521, 522 (Fla. 2d DCA 2007) (granting petition alleging ineffective assistance of appellate counsel and remanding for a new trial where the jury was instructed "that in order to convict on the crime of burglary the State must prove that '[a]t the time of entering the structure, Eddie Lee had a fully formed, conscious intent to commit the offense of *burglary* in that structure'").

The jury instruction in the instant case suffers from the same malady as these other cases; the jury was told it could convict the defendant without finding the defendant had the intent to commit an offense separate from the burglary. Initially, the jury was properly instructed that the State had to prove Long had the intent to commit *an offense* in the structure. However, later on in the instruction, the court used the circular phrasing "intent to commit *burglary*." This second portion of the instruction erroneously defined the "offense" the State needed to prove as burglary.

The dissent relies on Freeman v. State, 787 So. 2d 152 (Fla. 4th DCA 2001). In Freeman, the jury was instructed that the State had to prove Freeman had "'a fully-formed, conscious intent to commit the offense of burglary in the structure,'" but

4

was then instructed that "'[e]ven though an unlawful entering or remaining in a structure is proved, if the evidence does not establish that it was done with the intent to commit theft, the defendant must be found not guilty.'" Id. at 153. The Fourth District concluded the jury could not have been confused by the instruction because the error in the first portion was cured by the second portion, "which was correct and made it clear that the jury had to find an intent to commit theft along with an unlawful entry." Id. at 154. Here, unlike in Freeman, the jury was never told that in order to convict the defendant of burglary, it had to find the defendant entered the structure with the intent to commit theft or an offense other than burglary. Instead, it was told exactly the opposite. Thus, the instruction was error.

We must now examine the two offenses before us to determine whether fundamental error occurred in each case. Our supreme court has long held that "[f]ailing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal." State v. Delva, 575 So. 2d 643, 645 (Fla. 1991). "[A] dispute does not arise when mistaken identity is the sole defense and the facts of the crime are conceded by the defendant." Battle v. State, 911 So. 2d 85, 89 (Fla. 2005). Because the alleged fundamental error relates to the requisite intent for burglary, we must analyze whether intent was in dispute. In the McGowan case, it was, but in the Webb case, it was not.

5

In the McGowan case, appellant's intent when he entered the porch of the home was directly at issue. He did not dispute that he was the person who entered the residence. His defense was that what occurred was simply a trespass. The State's theory was that he entered the structure with the intent to avoid the police who were chasing him which constituted the offense of resisting arrest without violence. Appellant argued he was not the person being chased by police, and thus he lacked the requisite intent to commit burglary. The fact that there was overwhelming evidence that he was the person being chased by the police does not negate that the issue of intent was in dispute and constituted his only defense to the burglary charge. Thus, the erroneous instruction as to this disputed element constituted reversible error. Haygood v. State, 109 So. 3d 75 (Fla. 2013) (holding that overwhelming evidence as to disputed element does not negate fundamental error in the jury instruction). Accordingly, as to the McGowan burglary, we grant the petition and remand for a new trial.

In the Long trial, counsel conceded a burglary had occurred at the Webb residence, stating: "All of this evidence tells us one thing, tells us that there was a burglary that was committed . . . . Obviously, there is no dispute about that." The only defense was identification. Based on Long's proper concession that a burglary had occurred, the element of intent was not at issue in regards to this charge. See Morton v. State, 459 So. 2d 322 (Fla. 3d DCA 1984) (no element of

6

robbery was in dispute during trial, and thus, no element of robbery was material to jury's deliberations, where counsel for the defendant told the jury in opening statement that the defendant was not disputing the fact that victims were robbed, only who committed the robbery). Accordingly, we deny the petition with respect to the Webb charge.

GRANTED in part; DENIED in part.

LEWIS, J., CONCURS; KELSEY, J., CONCURS IN PART AND DISSENTS IN PART WITH OPINION.

KELSEY, J., concurring in part and dissenting in part.

I concur in the majority's reasoning and disposition as to Count I, burglary of the Webb residence. I respectfully dissent as to Count II, burglary of the McGowan residence, because I conclude that the record supports applying the same reasoning and disposition to Count II.

Just as the intentional act of committing theft in the Webb residence was not in dispute, the intentional act of resisting an officer after that burglary was not in dispute. Officer Baker, after being dispatched to the Webb residence shortly after 5:00 a.m. and observing that it had been broken into, saw someone beside the house who immediately ran away in spite of the officer's multiple commands to stop. It was undisputed that Officer Baker saw this person jump a fence and wade through a holding pond with water in it, emerging on the other side and continuing into a wooded area of the neighborhood. A K-9 officer tracked an individual running away from the pond. Mr. Long's counsel did not dispute any of those facts. He expressly argued that Officer Baker "saw the individual coming on the side of the house" and "Officer Baker only saw one person." Mr. Long's counsel also admitted "there's no disputing that" the K-9 officer tracked someone.

Multiple officers set up a perimeter around that area, and inside that perimeter, moments later, Ms. McGowan saw a man on her screened-in back lanai that faced the wooded area of the neighborhood. She described the man on her lanai as very

8

dirty, so dirty that she thought he was dark-skinned; and she saw him rummaging around and then using a pool towel to clean himself off. Mr. Long does not dispute that he was this person in Ms. McGowan's screened-in lanai, does not dispute that he wiped his hands on a towel, and does not dispute that his socks were wet. Nor does he dispute that when he saw that Ms. McGowan saw him, he ran away. He does not dispute that he left behind what Ms. McGowan described as "very yucky" socks, one of which tested overwhelmingly positive for Mr. Long's DNA. His counsel admitted, "He left his socks, and there is no dispute that he left his socks there." When he was arrested, he was covered in mud and was wearing shoes but no socks. He does not dispute that it was wrong, and a trespass (on which the jury was instructed correctly as a lesser included offense), for him to be on Ms. McGowan's lanai.

Rather than dispute that *someone* committed the act of resisting by fleeing or eluding, Mr. Long's defense was identity, just as he argued identity as a defense to the Webb burglary. His counsel argued that "Mr. Long is not the person that [Officer Baker] saw earlier," and "I would submit to you and I would argue that he [Mr. Long] is not the person that he [Officer Baker] saw running away from that house." Counsel further argued, "But we already know that the person that Officer Baker saw wasn't Mr. Long. It wasn't the same person, so there is no resisting charge." Mr. Long's counsel admitted that the K-9 officer was tracking someone, but that the

9

dog "can't tell us anything about the identity of the individual. She [the dog] is telling us that there is an individual but not the identity of the individual."

Because Mr. Long conceded that the crime of resisting occurred, and argued only lack of evidence identifying him as the individual who committed that crime, we should deny the petition as to Count II as well as Count I. See Battle v. State, 911 So. 2d 85, 89 (Fla. 2005) (holding no dispute as to an element of the crime arises "when mistaken identity is the sole defense and the facts of the crime are conceded by the defendant"). Both parties below argued that resisting was the crime other than burglary or trespass that satisfied the intent element of burglary as to Ms. McGowan's residence. There was no dispute that a man, whom Mr. Long asserted was someone other than himself, committed the offense of resisting. Whether the perpetrator of resisting was Mr. Long or not was a jury question, which the jury resolved against Mr. Long even though the jury was instructed on the lesser included offense of trespassing and could have concluded that only trespassing occurred at the McGowan residence. Importantly, the fact that Mr. Long was willing to admit to trespassing as a lesser included offense does not change the fact that it was undisputed that another offense separate from burglary itself—resisting arrest—was committed. The only dispute was identity of the perpetrator, just as that was the only dispute with respect to the burglary of the Webb residence. Thus, Battle applies; and on these facts, the performance of Mr. Long's appellate counsel did not

10

"compromise[] the appellate process to such a degree as to undermine the confidence in the fairness and correctness of the appellate result." <u>Downs v. Moore</u>, 801 So. 2d 906, 909 (Fla. 2001) (quoting <u>Wilson v. Wainwright</u>, 474 So. 2d 1162, 1163 (Fla. 1985)). Given the overwhelming amount of evidence of Mr. Long's guilt, his appellate counsel could reasonably have concluded that any error in the jury instructions did not "reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." <u>State v. Delva</u>, 575 So. 2d 643, 644-45 (Fla. 1991).

Even if the facts of the McGowan burglary did not bring this count within the <u>Battle</u> exception, however, the instruction given would be acceptable under the reasoning of <u>Freeman v. State</u>, 787 So. 2d 152, 153 (Fla. 4th DCA 2001) (concluding that any error in an instruction referring to intent to commit "the offense of burglary" was cured by the remainder of the instruction's specific reference to theft as the required offense). Here, the trial court correctly instructed the jury that "intent to commit *an offense*" in the structure was an element of the crime of burglary, coupled with the correct instruction that the entry into the structure "is sufficient if the defendant, with the intent to commit *a crime*, extends any part of his body into the structure." (Emphasis added.) The subsequent reference to committing "burglary" occurred only within the portion of the instruction informing the jury what would *not* be sufficient evidence to convict the defendant: "Even though an unlawful

11

entering or remaining in a structure is proved, if the evidence does not establish that it was done with the intent to commit *burglary*, the defendant must be found not guilty of burglary." (Emphasis added.) This was an accurate representation of the point of law that burglary is a specific intent crime. <u>M.H. v. State</u>, 936 So. 2d 1, 3 (Fla. 3d DCA 2006) (noting statutory definition of burglary explicitly makes burglary a specific intent crime).

This part of the instructions focused the jury's attention on whether the state had proved that the defendant had entered Ms. McGowan's lanai with the specific intent to commit burglary—which the trial court had just correctly defined as requiring intent to commit "an offense" or "a crime" in the entered structure. The requirement of proving some offense or crime other than burglary or trespass was further made clear in the presentation of a separate instruction on trespass. In addition, counsel for both parties made it clear in closing arguments that an offense other than burglary or trespass was at issue, with the state specifically arguing that resisting was the crime at issue, and the defense specifically arguing that Mr. Long could not be found guilty of resisting because the state had not established that he could be identified as the individual who ran away from Officer Baker at the Webb residence after being commanded to stop.

This case spotlights an issue that appears to have been caused in part by—and perhaps could be cured or substantially reduced by—a change in the standard jury

instruction for burglary. The pertinent part of the statute itself has remained unchanged for decades, defining the intent element of burglary as "the intent to commit *an offense* therein [within a dwelling, structure, or conveyance] . . . ." § 810.02(1)(a), (b), Fla. Stat. (2015) (emphasis added). The identity of the specific offense intended to be committed is secondary, so long as there is evidence from which the jury can find the requisite intent to commit an offense:

> We recently held in *L.S. v. State,* 464 So. 2d 1195 (Fla.1985) that the exact nature of the offense alleged is surplusage so long as the essential element of intent to commit an offense is alleged and subsequently proven. *Id.* at 1196. In *L.S.,* we said that the state may rely on section 810.07, Florida Statutes (1983), the burglary presumption of intent statute, whether or not the state had charged a defendant with the intent to commit a specified crime within the structure. We reiterate that beyond allegation and proof of unauthorized entry or remaining in a structure or conveyance, the essential element to be alleged and proven on a charge of burglary is the intent to commit *an* offense, not the intent to commit a specified offense, therein. *See,* § 810.02, Fla.Stat. (1983). . . . It is clear, then, that in a charge of burglary the requirement of proving intent to commit a specified crime to the exclusion of all others, while once a proper element of the charge, is no longer necessary.

Toole v. State, 472 So. 2d 1174, 1175-76 (Fla. 1985) (citing State v. Waters, 436 So. 2d 66 (Fla. 1983) (holding that it is not necessary for an information charging burglary to allege the specific crime intended)); see also Joseph v. State, 965 So. 2d 357, 358 (Fla. 4th DCA 2007) ("There is no requirement that the state allege and prove that entry was made with the intent to commit a specific offense; however, even when it does so allege, so long as it also charges and proves "the essential

13

element of intent to commit an offense," the specific allegation is considered surplusage.") (quoting <u>Toole</u>, 472 So. 2d at 1175); <u>Perreault v. State</u>, 831 So. 2d 784, 786 (Fla. 5th DCA 2002) ("Although it is not necessary to instruct the jury on the specific offense which the defendant intended to commit within the structure, it is necessary for the jury to find that the defendant entered the premises to commit an offense therein."). This principle is also evident from the very existence of section 810.07 of the Florida Statutes, which with respect to both burglary and attempted burglary, recognizes that the very act of entering "stealthily and without consent" constitutes prima facie evidence of the requisite intent: "proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof is prima facie evidence of entering with intent to commit an offense." § 810.07, Fla. Stat. (2015).

Things seem to go awry when courts try to follow the standard jury instruction for burglary, which since 1981 has expected the trial court to name a specific offense within the intent element of burglary. In 1981, this was the pertinent part of the standard jury instruction for burglary:

> At the time of [entering] [remaining in] the [structure] [conveyance] (defendant) had a fully-formed, conscious intent to commit the offense of (crime alleged) in that [structure] [conveyance].

> Note to Judge: Define the offense that was the object of the burglary.

14

See Standard Jury Instructions in Criminal Cases, at 194 (1981) (quoted in Standard Jury Instructions in Criminal Cases—Submission 2002-1, 850 So. 2d 1272 (Fla. 2003)). This remained the recommended instruction language (except for amendments to set forth the "remaining in" instructions separately), except that the helpful "Note to Judge" was deleted from the "entering" part of the instruction in 2003. See Standard Jury Instructions, 850 So. 2d at 1280.

In the 2007 amendments, the intent element was changed to include two bracketed suggestions plus a separate note advising that the offense could not be trespass or burglary:

> At the time of [entering] the [structure] [conveyance], (defendant) had the intent to commit [an offense] [(the crime alleged)] in that [structure] [conveyance].

> *The offense intended cannot be trespass or burglary.*

See In re Standard Jury Instructions in Criminal Cases—Report No. 2006-2, 962 So. 2d 310, 321 (Fla. 2007). It was around this time that decisions started appearing to deal with the confusion generated by the task of filling in the blanks correctly. Perhaps in an attempt to stem the tide of confusion, the instruction was amended again in 2013, as follows, to emphasize that the "an offense" blank should contain the name of a specific offense other than burglary or trespass:

> At the time of [entering] the [structure] [conveyance], (defendant) had the intent to commit [(the crime alleged)] [an offense other than burglary or trespass] in that [structure] [conveyance].

15

See In re Standard Jury Instructions in Criminal Cases—Report No. 2012-01, 109 So. 3d 721, 723-24 (Fla. 2013). The 2013 amendment then repeated the separate reminder that "*The offense intended cannot be trespass or burglary.*" Id. at 724. This is the instruction in effect today.

Here, the trial court used the following customized instruction (which is permissible): "At the time of entering the structure, [Mr. Long] had the intent to commit an offense in that structure." This language is commendable for its simplicity and its adherence to the language of the statute. The trial court further instructed, correctly, that "[i]t is sufficient if the defendant, with the intent to commit a crime, extends any part of his body into the structure." Again, the reference to "a crime" is accurate, consistent with the statute and cases such as Waters and Toole, and not confusing. But the instruction then advised the jury that the *lack* of evidence of intent would require that the jury acquit Mr. Long: "Even though an unlawful entering or remaining in a structure is proved, if the evidence does not establish that it was done with the intent to commit burglary, the defendant must be found not guilty of burglary." This is what triggered the parties' present discussion of the "circular instruction" argument.

The problem with the "circular instruction" argument, although it has facial appeal, is that the statute does not require that the jury be formally "instructed" on a

16

specifically named offense at all. Toole, 472 So. 2d at 1175-76; Waters, 436 So. 2d at 68; Joseph, 965 So. 2d at 358; Perreault, 831 So. 2d at 786. It is likewise not necessary to define or instruct the jury on the elements of the offense. Grant v. State, 420 So. 2d 903, 903 (Fla. 1st DCA 1982) (relying on Taylor v. State, 386 So. 2d 825, 829 (Fla. 3d DCA 1980) (rejecting argument that court must instruct jury on each element of the subsumed offense)).

As the court in Waters noted in the context of the charging document, it became the practice to name the offense that the burglary defendant intended to commit in the entered structure, probably in cases in which it was clear what offense the defendant allegedly intended to commit and in which there was only one probable offense at issue. Waters, 436 So. 2d at 68. But naming the offense is problematic with respect to the question of intent, which is intangible and not readily susceptible of proof by direct evidence; and equally problematic when the evidence would support a conclusion that the defendant could have intended to commit any one or more of multiple offenses. The prosecutor might see the evidence as demonstrating intent to commit theft, and the jury might see evidence of intent to commit assault, murder, arson–or be uncertain what the defendant was up to, but be convinced of intent to commit some offense. See Duncan, 606 So. 2d at 1229 ("In many instances, the state does not know the exact offense intended by the defendant."). Intent to commit an offense is enough under the statute. See

17

§ 810.07(1), Fla. Stat. (2015) (entering "stealthily and without consent . . . is prima facie evidence of entering with intent to commit an offense").

While the jury instructions committee likely has had very good reasons for the specific language it has recommended in burglary cases (though the rationales are not published), it would appear that the present language is more confusing than helpful. It seems to have generated a cottage industry in parties raising, and courts resolving, the "circular instruction" argument, which is occurring unnecessarily in light of the simple and straightforward requirement of the statute itself and the establishment of a prima facie case under section 810.07. As the supreme court always cautions when approving amendments to the standard instructions, "In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions." Standard Jury Instructions, 109 So. 3d at 722. Perhaps it would be a good idea to revert to a simpler time, with an instruction that tracks the language of the statute, and at most adds that the offense must be one other than burglary itself or trespass, such as the following:

> At the time of entering the [structure] [conveyance], (defendant) had the intent to commit an offense other than burglary or trespass in that [structure] [conveyance].

This would eliminate the apparently confusing, and unnecessary, dual fill-in-the-blanks brackets in the current instruction. The state would then bear the burden of presenting evidence of intent to commit a specific offense or offenses other than burglary and trespass, and arguing to the jury that such evidence satisfies the statutory definition of burglary; whereupon the jury must find that the defendant had the requisite intent.