WOLF, J.
In Long v. State, 156 So.3d 1080 (Fla. 1st DCA 2015), this court affirmed Rodney Long’s two convictions of burglary of a dwelling, one committed at the Webb residence and the other at the McGowan residence. Long now alleges he received ineffective assistance of appellate counsel in his direct appeal because his appointed counsel failed to argue fundamental error in the jury instructions. We find the jury instruction on burglary was erroneous because it misinformed the jury that it had to find the defendant entered with an intent to commit burglary, rather than a separate offense. We further find that error was fundamental as to the McGowan offense, but it was not fundamental as to the Webb offense, because Long’s counsel conceded that a burglary of the Webb residence had occurred; thus, Long’s intent at the time of entry was not in dispute.
At trial, on both charges, the jury was instructed as follows:
*118 As to Counts I and II, to prove the crime of Burglary, the State must prove the following two elements beyond a reasonable doubt:
1. RODNEY LAMAR LONG, .JR. entered a structure owned by or in the possession of Herbert Webb (as to Count I) and Patricia McGowan (as to Count II).
2. At the time of entering the structure, RODNEY LAMAR LONG, JR. had the intent to commit an offence in that structure.
[[Image here]]
Even though an unlawful entering or remaining in a structure is proved, if the evidence does not establish that it was done with the intent to commit burglary, the defendant must be found not guilty of burglary.
(Emphasis added.)
Our sister courts have found substantially similar “circular” instructions to be fundamental error because they leave the jury with the impression that it can convict the defendant of .burglary without finding the intent to commit a separate offense at the time of the unlawful entry. In Viveros v. State, 699 So.2d 822, 824 (Fla. 4th DCA 1997), the jury was instructed that the State had to prove the defendant had a “fully-formed, conscious intent to commit the offense of burglary ” in the structure, and then was later instructed that “[e]ven though an unlawful entering or remaining in a structure is proved, if the evidence does not establish that it was done with the intent to commit burglary, the Defendant may not be found guilty.” The Fourth District found that while it was not necessary to instruct the jury, on the elements of the specific offense upon which the burglary charge was based, “this is not the same as saying that it is not necessary, to establish that there was an intent to commit some underlying offense — distinct from ‘burglary* — inside the structure or conveyance, or to instruct the jury in this regard.” Id. at 825. The court went on to find that the error was fundamental, because the effect of the instruction was essentially that the jury was instructed on trespass, a different offense. Id. See also Lawrence v. State, 746 So.2d 1252 (Fla. 5th DCA 1999); Harrison v. State, 743 So.2d 178 (Fla. 3d DCA 1999); Puskac v. State, 735 So.2d 522 (Fla. 4th DCA 1999).
Our sister courts have also found that counsel’s failure to raise this fundamental error on appeal constitutes ineffective assistance of appellate counsel necessitating a new trial. See Dean v. State, 124 So.3d 997 (Fla. 4th DCA 2013) (granting petition alleging ineffective assistance of appellate counsel and remanding for a new trial where the jury was instructed that “to commit the offense of burglary, defendant was required to have a ‘fully formed, conscious intent to commit the offense of burglary in that structure’”); Lee v. State, 958 So.2d 521, 522 (Fla. 2d DCA 2007) (granting petition alleging ineffective assistance of appellate counsel and . remanding for a new trial where the jury was instructed “that in order to convict on the crime of burglary the State must prove that ‘[a]t the time of entering the structure, Eddie Lee had a fully formed, conscious intent to commit the offense, .of burglary in that structure’ ”),
The jury instruction in the instant case suffers from the same malady as these other cases; the jury was told it could convict the defendant without finding the defendant had the intent to commit-an offense, separate from the burglary. Initially, the jury was properly instructed that the State had to, prove Long , had the intent to commit an offense in the structure. However, later on in the instruction, the court used the circular phrasing “intent to commit burglary.” This second *119 portion of the instruction erroneously defined the “offense” the State needed to prove as burglary.
The dissent relies on Freeman v. State, 787 So.2d 152 (Fla. 4th DCA 2001). In Freeman, the jury was instructed that the State had to prove Freeman had “ ‘a fully-formed, conscious intent to commit the offense of burglary in the structure,’ ” but was then instructed that “ ‘[e]ven, .though an unlawful entering or remaining in .a structure is..proved, if the evidence does not establish that it was done with the intent to commit theft, the defendant must be found not guilty.’” Id. at 153. The Fourth District concluded the jury could not have been confused by the instruction because the error in the first portion was cured by the second portion, “which was correct and made it clear that the jury had to find an intent to commit theft along with an unlawful entry.” Id. at 154. Here, unlike in Freeman, the jury was never told that in order to convict the defendant of burglary, it had to find the defendant entered the structure with the intent to commit theft or an offense other than burglary. Instead, it was told exactly the opposite. Thus, the instruction was error.
We must now examine the two offenses before us to determine whether fundamental error occurred in each case. Our supreme court has- long "held that “[flailing to instruct on an element of the crime over which the record réfleets there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal.” State v. Delva, 575 So.2d 643, 645 (Fla.1991). “[A] dispute does not arise when mistaken identity is the sole defense and the facts of the crime are conceded by the defendant.” Battle v. State, 911 So.2d 85, 89 (Fla.2005). Because the alleged fundamental error relates to the requisite intent for burglary, we must analyze whether intent was in dispute. In the McGowan case, it was, but in the Webb case, it was not.
In the McGowan case, appellant’s intent when he entered the porch of the home was directly at issue. He did not dispute that he was the person who entered the residence. His defense was that what occurred was simply a trespass. The State’s theory was that he entered the structure with the intent to avoid the police who were chasing him which constituted the offense'of resisting arrest without violence. Appellant argued he was hot the person being chased by poliee, and thus he lacked the requisite intent to commit burglary. The fact that there was overwhelming evidence that he was the person being chased by the police does not negate that the issue of intent was in dispute and constituted his only defense to the burglary charge. Thus, the erroneous instruction as to this disputed element constituted reversible error. Haygood v. State, 109 So.3d 735 (Fla.2013) (holding that overwhelming evidence .as to disputed element does not negate fundamental error in the jury instruction). Accordingly, as to the McGowan burglary, we grant the petition and remand for a new trial.
In the Long trial, counsel conceded a burglary had occurred at the Webb residence, stating: “All of this evidence tells us' one thing, tells us that there was a burglary that was committed_Obviously, there is no dispute about that.” The only defense was identification. Based on Long’s proper concession that a burglary had occurred, the element of intent was not at issue in regards to this charge. See Morton v. State, 459 So.2d 322 (Fla. 3d DCA 1984) (no element of robbery was in dispute during trial, and thus, no element of robbery was material to jury’s- deliberations, where counsel for the defendant told the jury in opening statement that the *120 defendant was not disputing the fact that victims were robbed, only who committed the robbery). Accordingly, we deny the petition with respect to the Webb charge.
GRANTED in part; ■ DENIED in part;
LEWIS, J., concurs; KELSEY, J., concurs in part and dissents in part with opinion.