NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

EDIS PADILLA,                        )
                                     )
              Appellant,             )
                                     )
v.                                   )        Case No. 2D15-1973
                                     )
STATE OF FLORIDA,                    )
                                     )
              Appellee.              )
                                     )
_____)

Opinion filed March 1, 2017.

Appeal from the Circuit Court for Polk
County; Reinaldo Ojeda, Judge.

Howard L. Dimmig, II, Public Defender,
and Matthew D. Bernstein, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katherine Coombs Cline,
Assistant Attorney General, Tampa, for
Appellee.


MORRIS, Judge.

        Edis Padilla appeals his convictions after a jury trial for burglary of a

dwelling and possession of burglary tools.[1]  We affirm his convictions but write to

address his argument that the jury instruction for burglary constituted fundamental error.

---

        [1]Padilla was sentenced to twenty-four months in prison followed by three
years' probation on the burglary count and to a concurrent sentence of twenty-four
months in prison followed by one year of probation on the possession count.

At trial, the victim testified that Padilla and another man forced their way into her house through the back door. The men used power tools to remove the door knob from the door. As the men entered the house, the door alarm chimed, and the men looked around the house for a few seconds and then left the house.

The trial court read the following instruction on burglary of dwelling:

> To prove the crime of burglary the State must prove the following two elements beyond a reasonable doubt: First, the defendant entered a structure or conveyance owned by or in the possession of [the victim]; secondly, at the time of entering the structure or conveyance the defendant had the intent to commit an offense <u>other tha[n] burglary or trespass in a structure or conveyance</u>.
>
> . . . .
>
> Even though unlawful entry or remaining in a structure or conveyance is proved[,] if the evidence does not establish that it was done with the <u>intent to commit a burglary of a dwelling, possession of burglary tools or an offense other than burglary or trespass</u> the defendant must be found not guilty of burglary.

(Emphasis added.) The defense did not object to the jury instructions. Padilla was found guilty as charged on both counts.

On appeal, Padilla argues that the jury instruction on burglary of a dwelling was circular and confusing. He contends that while the jury in this case may have initially understood that it had to find that he had an intent to commit an offense other than burglary, the second portion of the instruction rendered the first portion—and the elements of the offense—unclear and circular.

Padilla relies on <u>Long v. State</u>, 188 So. 3d 116, 117 (Fla. 1st DCA 2016), in which the First District held that the jury instruction for "burglary was erroneous because it misinformed the jury that it had to find the defendant entered with an intent to commit burglary, rather than a separate offense." The court explained the error:

> [T]he jury was told it could convict the defendant without finding the defendant had the intent to commit an offense separate from the burglary. Initially, the jury was properly instructed that the State had to prove Long had the intent to commit *an offense* in the structure. However, later on in the instruction, the court used the circular phrasing "intent to commit *burglary*." This second portion of the instruction erroneously defined the "offense" the State needed to prove as burglary.

Id. at 118-19. The court went on to hold that where the defendant's intent was directly at issue, the error was fundamental. Id. at 119 (holding that error was fundamental in prosecution where intent was directly at issue but not in prosecution where defense counsel conceded that a burglary had occurred).

There are several problems with applying Long to this case. First, the court in Long relied on Viveros v. State, 699 So. 2d 822, 824 (Fla. 4th DCA 1997). But in Viveros, in addition to the second portion of the instruction being circular, the first portion of the instruction—regarding the intent element of burglary—was improper because it instructed the jury that the defendant had to have "a fully-formed, conscious intent to commit *the offense of burglary*." Id. The court reasoned that "it is circular to define 'burglary' by indicating the need to show an intent to commit 'burglary' within the structure or conveyance, rather than an intent to commit an underlying 'offense' within the structure or conveyance." Id. Numerous other cases have held similarly to Viveros regarding the instructions on the element of intent for burglary. See, e.g., Lee v. State, 958 So. 2d 521 (Fla. 2d DCA 2007); Lawrence v. State, 746 So. 2d 1252 (Fla. 5th DCA 1999); Harrison v. State, 743 So. 2d 178 (Fla. 3d DCA 1999); Puskac v. State, 735 So. 2d 522 (Fla. 4th DCA 1999). In Long, the first instruction given on the elements of burglary was similar, although not identical, to the erroneous one in Viveros: the jury was simply instructed that the State had to prove the defendant "had *the intent to*

- 3 -

*commit an offense*" in the structure. 188 So. 3d at 118. The <u>Long</u> court concluded that "the jury was never told that in order to convict the defendant of burglary, it had to find the defendant entered the structure with the intent to commit theft or an offense other than burglary." <u>Id.</u> at 119.

Here, the trial court initially instructed the jury that it must find that Padilla "had the intent to commit an offense <u>other tha[n] burglary or trespass in a structure or conveyance</u>." (Emphasis added.) This properly instructed the jury that the offense intended to be committed within the structure must be one other than burglary or trespass. Thus, the instruction in this case did not suffer from the same malady as the instructions in <u>Viveros</u> and <u>Long</u>.

Second, the latter portion of the instruction in this case is different than that in <u>Long</u>. As noted above, the second portion of the instruction in <u>Long</u> stated that "if the evidence does not establish that it was done *with the intent to commit burglar*y, the defendant must be found not guilty of burglary." <u>Id.</u> at 118. The <u>Long</u> court stated that this "second portion of the instruction erroneously defined the 'offense' the State needed to prove as burglary." <u>Id.</u> at 118-19. Here, the trial court instructed the jury that Padilla should be found not guilty if the evidence did not establish that the entry was done with the "intent to commit a burglary of a dwelling, possession of burglary tools or an offense other than burglary or trespass." Therefore, even if the use of the phrase "burglary of a dwelling" in this second portion of the instruction was circular, the jury was properly instructed that the entry should have been done with the intent to commit possession of burglary tools or another offense other than burglary or trespass.

Third, we find persuasive the point made by Judge Kelsey in her partial dissent in <u>Long</u>. She pointed out that the use of the term "burglary of a dwelling" in that

- 4 -

latter portion of the instruction simply informed the jury that the State was required to prove that the entry was done with the specific intent to commit burglary, which itself required the intent to commit another offense. Id. at 121-22 (Kelsey, J., dissenting in part and concurring in part).

> The subsequent reference to committing "burglary" occurred only within the portion of the instruction informing the jury what would *not* be sufficient evidence to convict the defendant[.] . . . This was an accurate representation of the point of law that burglary is a specific intent crime.
> This part of the instructions focused the jury's attention on whether the state had proved that the defendant had entered [the structure] with the specific intent to commit burglary—which the trial court had just correctly defined as requiring intent to commit "an offense" or "a crime" in the entered structure.

Id. (Kelsey, J., dissenting in part and concurring in part) (citation omitted).

For these reasons, we conclude that the inclusion of the phrase "burglary of a dwelling" in the latter part of the instruction did not amount to fundamental error. See Freeman v. State, 787 So. 2d 152 (Fla. 4th DCA 2001) (holding that error in first part of burglary instruction was cured by correct instruction in second portion of the instruction).

Affirmed.

CRENSHAW and BLACK, JJ., Concur.